IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ROBERT FRAZIER**,
1805-S Skyline Plaza South
3705 South George Mason Drive
Falls Church, VA 22041-3724

    *Plaintiff*,     No. _____

    v.

**EDWINA WILLIAMS**
c/o Metropolitan Police of the District of Columbia
300 Indiana Avenue, NW
Washington, DC 20001

and

**THE DISTRICT OF COLUMBIA**,
Serve:
Office of the Attorney General
Government of the District of Columbia
John A. Wilson Building
1350 Pennsylvania Avenue NW
Suite 407
Washington, DC 20004

    *Defendants*.

## COMPLAINT AND JURY DEMAND

### Introduction; Nature of Action

1. This is an action under 42 U.S.C. § 1983 against a detective of the Metropolitan Police of the District of Columbia for false arrest and discrimination based upon the perceived sexual orientation of the Plaintiff and the nature of his employment as an entertainer.

2. The Defendant violated Plaintiff's right under the Fourth Amendment to the U.S. Constitution to be free of unreasonable searches and seizure and his right under the equal protection principle inherent in the Fifth Amendment not to suffer invidious discrimination.

3. The Defendant Edwina Williams on April 3, 2003, caused the arrest of the Defendant Robert Frazier for an assault that never occurred. The arrest was without probable cause, as the Defendant Williams knew or had every reason to know. In fact, the Plaintiff was himself the victim of a vicious assault and battery by two individuals, each of them much taller and heavier than he was. Yet Defendant Williams sought the arrest and prosecution of the Plaintiff.

4. Furthermore, the Defendant Williams was motivated by animus against the Plaintiff because she perceived him to be gay and by her biases perceived from the nature of his employment as an entertainer.

### Parties

5. The Plaintiff, Robert Frazier, resides at this date in the Commonwealth of Virginia, at 1805-S Skyline Plaza South, 3705 South George Mason Drive, Falls Church, VA. 22041-3724.

6. At all relevant times, the Defendant Edwina Williams was employed as a Detective with the Metropolitan Police of the District of Columbia ("MPDC") assigned to the MPDC's Sixth District. On information and belief, she still is employed by MPDC. All of her actions that are complained of herein were under color of District of Columbia law. The state or other place of her residence is unknown to Plaintiff.

7. The District of Columbia is the municipal entity that employed the Defendant Williams. It is sued under principles of municipal liability under 42 U.S.C. § 1983.

### Jurisdiction and Venue

8. This Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as the events giving rise to this action occurred within the District of Columbia.

## Facts

9. The events giving rise to this action occurred early on the morning of February 16, 2003, at the LaCage nightclub at 18 O Street, S.E., in Washington, D.C., which was located within the area covered by the MPDC's Sixth District.

10. The LaCage nightclub was widely perceived and had the reputation of being a gay nightclub. It featured male entertainers who danced on a stage and on bar tops.

11. The Plaintiff was employed at LaCage as an entertainer before, during, and after the events cited herein and giving rise to the within causes of action.

12. Early on the morning of February 16, 2003, two men came into the nightclub near the club's closing time, made disparaging comments about Plaintiff, and then, without warning or justification, viciously attacked him. One of these men struck Plaintiff hard in the face, bloodying his nose, splitting his lip, blackening his eye, and causing swelling to his face.

13. Each of these assailants was substantially larger, taller, and heavier than Plaintiff, who stands 5'4" and at the time weighed about 140 pounds.

14. After the attack on him, the Plaintiff made a prompt and first information and complaint to the MPDC.

15. On information and belief, the two assailants made their own subsequent and false complaint to the MPDC against the Plaintiff.

16. Any such complaint by the two men was motivated in whole or in part by their desire to cover up their attack and alter the true facts of their assault on Plaintiff in an effort to make such appear as if it had taken place the other way around.

17. On information and belief, MPDC assigned the Defendant Williams to investigate the February 16, 2003, incident.

18. On information and belief, MPDC did so despite knowledge that she harbored hostility towards gay men in general and male entertainers employed within the MPDC's Sixth District area in particular.

19. Plaintiff, not knowing of Defendant Williams's anti-gay and entertainment employment biases, attempted to assist her investigation fully. He provided extensive information about the incident including names of witnesses and physical evidence of the attack upon him. He gave consistent oral and lengthy written accounts of what had happened, the latter within a few hours of the February 16, 2003, incident. He also met with her on March 7, 2003, and consistently explained orally, again in detail, what had occurred.

20. During his meeting with her, the Defendant Williams displayed undisguised personal hostility towards Plaintiff.

21. The Defendant Williams subsequently shocked Plaintiff by informing him that she was seeking his arrest on the charge of simple assault.

22. On or about April 1, 2003, the Defendant Williams did in fact obtain from the Superior Court of the District of Columbia a warrant for Plaintiff's arrest on the charge of simple assault in violation of 22 D.C. Code § 404 (although the warrant incorrectly stated the date of the incident as February 17, 2003).

23. The affidavit sworn by Defendant Williams in support of this warrant was replete with material misstatements of fact, both affirmative misstatements and material omissions. Among many other things, it grossly misrepresented Plaintiff's statements to her during her one and only

face-to-face meeting of March 7, 2003, with Plaintiff. Utterly falsely, the affidavit averred that Plaintiff "stated that he assaulted the complainant because he was talking negatively about his dancing; and that in fact interfered with his money making abilities at that club." Plaintiff in fact told her exactly the opposite: that he had not assaulted either of the two men but had been assaulted viciously by them.

24. In this and other material ways, the Defendant Williams's affidavit was false and misleading and designed to obtain Plaintiff's false arrest and wrongful prosecution.

25. The misrepresentations in her affidavit on their face were deliberate and/or reckless.

26. The Defendant Williams secured the warrant in the absence of probable cause.

27. In securing this warrant, the Defendant Williams discriminated against Plaintiff on the basis of his perceived sexual orientation and nature of his employment.

28. The Plaintiff was arrested pursuant to Detective Williams's warrant, when he presented and surrendered himself to the MPDC on April 3, 2006.

29. The Plaintiff was detained and incarcerated overnight and not released until the next day, April 4, 2003, when a representative of the office of the United States Attorney for the District of Columbia entered a *nolle prosequi* at the arraignment in the Superior Court.

30. On information and belief, as a result of matters separately internal to the MPDC and Plaintiff's Complaint with the MPDC's Office of Professional Responsibility ("OPR") against Detective Williams, MPDC did begin disciplinary proceedings against her for *inter alia* the investigation of the attack and assault upon Plaintiff and discrimination on the bases of sexual orientation and employment.

31. On information and belief, as a result of these proceedings, Detective Williams received disciplinary sanctions.

32. As a result of the actions of Detective Williams, and of the actions of the MPDC in tolerating and condoning her anti-gay and other biases before, during, and after this incident, the Plaintiff has suffered substantial injury of body and mind and also serious economic and professional loss.

### Claim

COUNT I: VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

33. Paragraphs 1-32 are realleged as if more fully set forth at length.

34. Acting under color of state law, the Defendant Edwina Williams violated Plaintiff's rights under the Fourth Amendment to be free from unreasonable searches and seizures.

35. Acting under color of state law, the Defendant Edwina Williams also violated Plaintiff's rights under the Fifth Amendment not to experience invidious discrimination.

36. The Defendant the District of Columbia is also responsible for the Defendant Williams's wrongdoing under principles of municipal liability.

### Demand for Judgment

WHEREFORE, the Plaintiff Robert Frazier demands judgment as follows:

37. A judgment that both Defendants are liable to Plaintiff for violations of Plaintiff's constitutional rights, under 42 U.S.C. § 1983.

38. Actual damages against both Defendants.

39. Punitive damages against the Defendant Edwina Williams.

40. Legal fees and expenses to the extent that the same may be authorized by any statute, rule, or law, including 42 U.S.C. § 1988.

41. Such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff hereby demands trial by jury on all claims and issues herein contained or otherwise adduced at time of trial.

Dated: April 3, 2006                                    Respectfully submitted,


_____
William J. Mertens
DC Bar No. 911389
4905 Hampden Lane, Suite 16
Bethesda, MD 20814
(301) 913-0012
Fax: (240) 465-0463
Email: wjmertens@aol.com

*Counsel for Plaintiff*