In The **UNITED STATES DISTRICT COURT**
For The **DISTRICT of COLUMBIA**

Robert Frazier
    Plaintiff,

v.

Edwina Williams,

and

The District of Columbia,
    Defendants.

Case No. 1:6CV00615

RECEIVED
SEP 2 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION for ENLARGEMENT of TIME

And now comes Plaintiff *Pro Se*, Robert Frazier, and pursuant to the Federal Rules of Civil Procedure Rule 4(m) files the within Motion for Enlargement of Time to effect service of Summons' and Complaints upon Defendants above-named, in support whereof Plaintiff avers the following.

1. The Complaint in the above-captioned matter was filed April 3, 2006. By Order of July 31, 2006 the time limit to effect service under Rule 4(m) expires October 1, 2006.

2. By the action of filing the Complaint Counsel of Record for Plaintiff, William J. Mertens had (1) completed the work contracted (drafting & filing of Complaint, arrangement for, and receipt of, Summons' issued thereon), and was (2) compensated *quantum meruit* for professional services rendered, (3) advised of the October 1, 2006 time limit to effect service upon Defendants, (4) advised of Plaintiff's diligent search for other and/or additional counsel (to "carry" the case for the long term), and (5) advised to remain available (approximately on and after September 1, 2006) to effect service of the issued Summons' in his possession on or before October 1, 2006 upon Defendants.

3. Plaintiff is currently represented *Pro Se* inasmuch as Counsel of Record cannot be located nor contacted despite numerous attempts to do so ensuing from and after September 15, 2006 (deemed a reasonable length of time after September 1, 2006 to allow for Counsel to contact Plaintiff).

4. Full development of Plaintiff's cause requires securing the services of a qualified law firm to "carry" the case and be reimbursed costs and expenses upon an eventual award (including any award of counsel fees) at the close of the proceeding. The purpose for securing other counsel is for the negotiation of a fee contract that avoids requirement of Plaintiff to periodically replenish escrow while the action continues without having reached a stage of finality and award.

5. During the additional 60 days period designated by the July 31, 2006 Order, Plaintiff has diligently sought representation by such a firm, but has to date not succeeded. A number of references have been pursued; a number of references remain to be pursued. In several instances negotiations for representation proceeded apparently favorably but could not be successfully concluded: (1) in one instance eight of the approximate seventeen weeks (between April 3 and August 1, 2006) were expended pursuing one particular firm for representation of the cause; (2) in another instance, five or the approximate nine weeks (between August 1 and October 1, 2006) were expended pursuing another particular firm. In both instances cited, and in all other instances, Plaintiff has been diligent and pro-active in maintaining contact.

6. Plaintiff, at this time *Pro Se*, effecting service of the Summons' and Complaints on Defendants (fully represented as such are by the District of Columbia's Office of the Attorney General) operates to work a severe burden on Plaintiff exposing the latter to preliminary motions practice and discovery *et al.* from Defendants fully represented, which could very possibly operate to frustrate prosecution of a meritorious cause.

7. Enlargement of time for Plaintiff to effect service of the Summons' and Complaints upon Defendants will not operate to prejudice Defendants in any way inasmuch as the only difference occasioned by delay of notice to Defendants will be that both parties shall commence litigation fully represented and "on a level playing field". Plaintiff enjoys no other advantage by being granted enlargement of time to effect service inasmuch as Plaintiff is fully occupied by efforts to (1) secure other and/or additional counsel, and (2) locate and contact current Counsel of Record. A "level playing field" will be achieved by enlargement of time enabling Plaintiff to continue a high quality search for professional representation prior to effecting service of the Summons' and Complaints.

WHEREFORE, Plaintiff prays the Honorable Court Grant Plaintiff's Motion for Enlargement of Time under Rule 4(m) for a period of time deemed by this Honorable Court to be reasonable and just. (Plaintiff believes, and therefore avers, that 90 days through and including January 1, 2007 is sufficient time to accomplish the task at hand.)

Respectfully submitted,

Robert Frazier
1805-S Skyline Plaza South
3705 South George Mason Drive
Falls Church, VA 22041-3724