## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT FRAZIER,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **Civil Action No.: 06-615 (GK)** |
| | **:** | |
| **EDWINA WILLIAMS,** *et al.*, | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

## DEFENDANTS EDWINA WILLIAMS AND THE DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Edwina Williams and the District of Columbia ("the Defendants"), by and through undersigned counsel, hereby answer the Complaint in the above-captioned matter. The Defendants assert that anything not specifically admitted herein is denied, and answer the Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Defendants state the following in response to the individually numbered paragraphs in the Complaint.

### COMPLAINT AND JURY DEMAND

1. The allegations asserted in paragraph one of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

2. The allegations asserted in paragraph two of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

3.  The allegations asserted in paragraph three of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

4.   The allegations asserted in paragraph four of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

## Parties

5.  The Defendants admit that the Plaintiff is Robert Frazier.  The Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph five of the Complaint.

6.  The Defendants admit that Edwina Williams is employed as a Detective with the Metropolitan Police of the District of Columbia and is assigned to the First District.  All other allegations are denied.

7.  The Defendants admit that the District of Columbia is a municipal corporation.  The Defendants acknowledge the existence of the statutory provision cited in paragraph seven of the Complaint but denies that jurisdiction over the subject matter is conferred.

## Jurisdiction and Venue

8.  The Defendants acknowledge the existence of the statutory provision cited in paragraph eight of the Complaint but denies that jurisdiction over the subject matter is conferred.

## Facts

9.  The Defendants admit that the Complainant, Mr. Shane A. Kline filed a police report claiming that the Plaintiff assaulted him on February 17, 2003, at 2:30 a.m. at the LaCage nightclub in Washington, D.C.  The defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph nine of the Complaint.

2

10. The Defendants admit the allegations contained in paragraph ten of the Complaint.

11. The Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph eleven of the Complaint.

12. The Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph nine of the Complaint.  To the extent a response is required, the Defendants demand strict proof thereof at trial.

13. The Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph thirteen of the Complaint.

14. The Defendants deny the allegations contained in Paragraph fourteen of the Complaint.

15. The Defendants deny the allegations contained in Paragraph fifteen of the Complaint.

16. The Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph sixteen of the Complaint.

17. The Defendants admit that Defendant Williams was assigned to investigate the February 17, 2003, incident stated in paragraph nine of this Answer.  The Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph seventeen of the Complaint.

18. The Defendants deny the allegations contained in paragraph eighteen of the Complaint.

19. The Defendants admit that in the course of her investigation of the February 17, 2003, incident, Defendant Williams met with Plaintiff and Plaintiff admitted that he assaulted the complainant.  The Defendants deny the remaining allegations contained in paragraph nineteen of the Complaint.

20. The Defendants deny the allegations contained in paragraph twenty of the Complaint.

3

21. The Defendants admit that Defendant Williams advised Plaintiff that a warrant had been issued for his arrest for simple assault. The Defendants are without sufficient information or belief to admit or deny the remaining allegations asserted in paragraph twenty-one of the Complaint.

22. The Defendants admit that a warrant was issued for Plaintiff's arrest on the charge of simple assault as a result Defendant Williams' investigation of the February 17, 2003 incident. The Defendants are without sufficient information or belief to admit or deny the remaining allegations asserted in paragraph twenty-two of the Complaint.

23. The Defendants admit that at the conclusion of Defendant Williams investigation, Defendant Williams submitted a sworn affidavit that stated that Plaintiff "stated that he assaulted the complainant because he was talking negatively about his dancing; and that in fact interfered with his money making abilities at the club." Defendants deny the remaining allegations contained in paragraph twenty-three of the Complaint.

24. The allegations asserted in paragraph twenty-four of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the Defendants deny the allegations contained in paragraph twenty-four of the Complaint.

25. The allegations asserted in paragraph twenty-five of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the Defendants deny the allegations contained in paragraph twenty-five of the Complaint.

4

26. The allegations asserted in paragraph twenty-six of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the Defendants deny the allegations contained in paragraph twenty-six of the Complaint.

27. The allegations asserted in paragraph twenty-seven of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the Defendants deny the allegations contained in paragraph twenty-seven of the Complaint.

28. The Defendants admit the allegations contained in Paragraph twenty-eight of the Complaint.

29. The Defendants admit that a *nolle prosequi* was entered at Plaintiff's arraignment in the Superior Court. The Defendants or without information or knowledge to admit or deny the remaining allegations contained in paragraph twenty-nine of the Complaint.

30. The Defendants deny the allegations contained in paragraph thirty of the Complaint.

31. The Defendants deny the allegations contained in paragraph thirty-one of the Complaint.

32. The allegations asserted in paragraph thirty-two of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the Defendants deny the allegations contained in paragraph twenty-seven of the Complaint.

## **COUNT I**

33. The Defendants incorporate by reference its response to paragraphs 1-32 of the Complaint.

34. The allegations asserted in paragraph thirty-four of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

35. The allegations asserted in paragraph thirty-five of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

36. The allegations asserted in paragraph thirty-six of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

## Demand for Judgment

37. The allegations asserted in paragraph thirty-seven of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

38. The allegations asserted in paragraph thirty-eight of the Complaint is a demand for relief, and as such do not require a response.

39. The allegations asserted in paragraph thirty-nine of the Complaint is a demand for relief, and as such do not require a response.

40. The allegations asserted in paragraph forty of the Complaint is a demand for attorney's fees and costs, and as such do not require a response.

41. The allegations asserted in paragraph forty-one of the Complaint is a demand for relief, and as such do not require a response.

## Third Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

## Fourth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the Plaintiff assumed the risk of such injuries by his own willful conduct.

## Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence.

## Sixth Defense

If the Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

## Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

## Eighth Defense

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

## Ninth Defense

Plaintiff might have failed to mitigate any damages that he may have incurred.

### Tenth Defense

Plaintiff might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

### Eleventh Defense

Plaintiff's claim might be barred by the applicable statute of limitations.

### Thirteenth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, the Defendants' conduct was performed in self-defense or to protect the safety others.

### Fourteenth Defense

All federal claims against the individual Defendant are barred by the doctrine of qualified immunity.

### Fifteenth Defense

Defendants are immune from the claims in this suit. Liability is barred by the doctrines of sovereign immunity, governmental immunity, privilege, and/or official immunity. Plaintiff lacks capacity to bring this suit. The actions of Defendants were discretionary decisions for which there can be no liability. Plaintiff's claims are barred by the public duty doctrine.

### Sixteenth Defense

Defendants had a good faith and reasonable basis to arrest plaintiff in that it was based on probable cause.

### *Set-off*

8

The Defendants assert a set-off for all funds and services provided to the Plaintiff through Medicare, Medicaid, public assistance or other sources.

## JURY DEMAND

Defendants hereby demand a trial by jury.

WHEREFORE, the Defendants pray the Court dismiss the Complaint and award Defendants the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

_____/s/_____
NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail: nicola.grey@dc.gov

9