# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT FRAZIER,
*Plaintiff*,

                                               Case No. 1:06-cv-00615-GK

    v.

EDWINA WILLIAMS, *et al.*,
*Defendants*.

## JOINT REPORT AND PROPOSED ORDERS
## PURSUANT TO LOCAL RULE 16.3(d)

The parties having conferred pursuant to Local Rule 16.3(a), they hereby submit this report regarding the issues listed in Rule 16.3(c) and their views on scheduling of this case. Attached are the parties' proposed scheduling orders.

## Track

The parties request scheduling this case as a Track 3 case.

## Rule 16.3(c) Issues

(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**_Response:_**  Plaintiff does not foresee filing a dispositive motion.  Defendants[1] believe a dispositive motion may be appropriate after the close of discovery.

(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**_Response:_**  The parties propose that other parties should be joined or the pleadings amended by May 1, 2007.

Except upon the basic fact of the Plaintiff's arrest upon a warrant obtained by the Defendant Detective Williams, the parties at this time have not agreed upon the facts or applicable legal standards.  Plaintiff anticipates serving requests for admission early in discovery to explore possibilities for narrowing factual issues.

---

[1] The term "Defendants" used throughout this Report includes both Defendant District of Columbia and Defendant Detective Edwina Williams, unless the Defendants are identified separately by name.

(3)    Whether the case should be assigned to a magistrate judge for all purposes, including trial.

   ***Response:***  The parties propose that this case should not be assigned to a magistrate judge for any purpose other than mediation.

(4)    Whether there is a realistic possibility of settling the case.

   ***Response:***  Plaintiff is willing to discuss settlement but not for just a nominal sum. Defendants do not believe it is clear at this early stage of the litigation whether there is a realistic possibility of settling this case.

(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:
(i)    the client's goals in bringing or defending the litigation;
(ii)    whether settlement talks have already occurred and, if so, why they did not produce an agreement
(iii)    the point during the litigation when ADR would be most appropriate, with special consideration given to:
(aa)whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
(bb)whether ADR should take place before or after the judicial resolution of key legal issues;
(iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
(v)    whether cost savings or any other practical advantages would flow from
a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

   ***Response:***  Please see the response to item (4), above.  ADR may be useful after further discovery.

(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

   ***Response:***  Defendants believe that the case may be resolved by a dispositive motion after the close of discovery.   Plaintiff believes that the case should proceed to trial unless it is settled.

   The parties propose that dispositive motions be due by October 1, 2007, Oppositions due by October 31, 2007 and Replies due by November 14, 2007.

(7)    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

   **_Response:_**  The parties propose that initial disclosures be exchanged within two weeks after the initial scheduling conference, or by February 13, 2007.

(8)    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

   **_Response:_**  The parties propose that discovery close on or before August 29, 2007.  The parties propose that they shall serve written discovery requests on or before May 1, 2007.  The parties propose that they should be limited to 10 depositions and 25 interrogatories.

(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

   **_Response:_**  Plaintiff proposes the exchange of expert witness reports and information 30 days after decision on dispositive motions.  Defendant proposes that Plaintiff's Rule 26(a)(2) disclosures, if any, be made on May 31, 2007, and Defendants' Rule 26(a)(2) disclosures be made by June 30, 2007.

(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

   **_Response:_** Not applicable.

(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

   **_Response:_** The parties do not seek bifurcation or phasing at this time.  Defendants reserve the right to raise issue the issue of bifurcation of trial later in this lawsuit as the factual record is developed.

(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

   **_Response:_** The parties believe that a pretrial conference should be held within 30 days after the Court rules on dispositive motions filed after the close of discovery.  If no dispositive

motions are filed, the parties believe that a pretrial conference should be held on October 31, 2007.

(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

   ***Response:*** The parties believe that the trial date should be set at the pretrial conference.

(14)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

   ***Response:*** Except for scheduling of expert discovery, no other matters have been discussed between the parties that would be appropriate for inclusion in a scheduling order.

(15)    The Plaintiff's and Defendants' Proposed Scheduling Orders are attached hereto for the Court's consideration.

## Statement of the Case and Statutory Basis for Causes of Action and Defenses

### Plaintiff's Contentions

Plaintiff contends that he was arrested without probable cause based on a warrant that was obtained by the Defendant Edwina Williams, a detective with the D.C. Metropolitan Police. The affidavit that Det. Williams swore to in order to obtain the warrant contains material, false statements that must have been knowingly or recklessly made.  In particular, the affidavit states that he admitted committing the alleged assault.  Just the opposite is true: He filed a complaint with the police that he was assaulted, and in a subsequent interview with Det. Williams told her so and emphatically denied committing any assault himself.

The underlying incident occurred early on the morning of February 16, 2003, at the LaCage nightclub at 18 O Street, S.E., which was widely reputed to be a gay nightclub.  Plaintiff worked there as a performer.   He was viciously assaulted by two inebriated, or otherwise impaired, customers, both of them taller and heavier than Plaintiff.  Plaintiff contends that Det.

- 4 -

Williams nonetheless had him arrested and sought to charge him with simple assault out of hostility towards gay men and, in particular, entertainers at nightclubs such as LaCage. The District of Columbia is sued under principles of municipal liability.

**Defendants' Contentions**

The Defendants deny all allegations of wrongdoing of acts of commission or omission.

The Defendants do not believe that they have violated any laws, or are liable for any misconduct.

Specific defenses are as follows:

1. Plaintiff cannot establish that a District custom, policy, and/or practice was the moving force that resulted in his alleged injuries.
2. Defendant Williams is entitled to qualified immunity for her complained of conduct.
3. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.
4. If Plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred because the Plaintiff assumed the risk of such injuries by his own willful conduct.
5. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence.
6. If the Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.
7. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.
8. All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.
9. Defendant Williams is entitled to a privilege for her alleged conduct.
10. Defendant Williams pleads self-defense or defense of others.
11. Defendants had a good faith and reasonable basis to arrest plaintiff in that it was based on probable cause.
12. Plaintiff's claims may be barred by the public duty doctrine.

Dated: January 26, 2007

Respectfully submitted,

_____

William J. Mertens
DC Bar No. 911389
4905 Hampden Lane, Suite 16
Bethesda, MD 20814
(301) 913-0012
Fax: (240) 465-0463
Email: wjmertens@aol.com

*Counsel for Plaintiff*

_____

LINDA SINGER
Acting Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

PHILLIP A. LATTIMORE [428132]
Chief, General Litigation Sec. IV

NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT FRAZIER,
*Plaintiff*,

                                      Case No. 1:06-cv-00615-GK

       v.

EDWINA WILLIAMS, *et al.*,
*Defendants*.


## <u>PLAINTIFF'S PROPOSED SCHEDULING ORDER</u>

Upon consideration of the Joint Rule 16.3 Report, it is hereby

ORDERED that the following schedule for discovery, dispositive motions, pretrial conference, and trial is adopted:

| Event | Date/Deadline |
|---|---|
| Initial Disclosures | February 13, 2007 |
| Exchange Witness Lists | April 1, 2007 |
| Written Discovery Requests | May 1, 2007 |
| Amend Complaint | May 1, 2007 |
| Close of Discovery (except for expert discovery) | August 29, 2007 |
| Dispositive Motions | October 1, 2007 |
| Oppositions to Dispositive Motions | October 31, 2007 |
| Replies in Support of Dispositive Motion | November 14, 2007 |
| Rule 26(a)(2) Disclosures | Thirty (30) days after ruling on dispositive motions; if no such motions are filed, October 15, 2007 |
| Rebuttal Rule 26(a)(2) Disclosures | 30 days after service of Rule 26(a) disclosures on the same subject |

| Event | Date/Deadline |
|---|---|
| Filing of Pretrial Statements | One week before pretrial conference |
| Pretrial Conference | Thirty (30) days after the Court's ruling on dispositive motions filed after the close of discovery; if no dispositive motions are filed, then October 31, 2007. |
| Jury Trial | To be set at pretrial conference |

This schedule may be modified at any time by the Court's own Order or upon motion of a party upon showing good cause.

Entered this _____ day of _____ 2007.

_____
District Judge Gladys Kessler

Copy to:

William J. Mertens, Esq.
4905 Hampden Lane, Suite 16
Bethesda, MD 20814

*Counsel for Plaintiff*

Nicola Grey
Assistant Attorney General
Civil Litigation Division
General Litigation, Sec. IV
441 4th Street, N.W.
Washington, D.C. 20001

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT FRAZIER,
*Plaintiff*,

Case No. 1:06-cv-00615-GK

       v.

EDWINA WILLIAMS, *et al.*,
*Defendants*.

## DEFENDANTS' PROPOSED SCHEDULING ORDER

Upon consideration of the Joint Rule 16.3 Report, it is hereby

ORDERED that the following schedule for discovery, dispositive motions, pretrial conference, and trial is adopted:

| Event | Date/Deadline |
|---|---|
| Initial Disclosures | February 13, 2007 |
| Exchange Witness Lists | April 1, 2007 |
| Written Discovery Requests | May 1, 2007 |
| Plaintiff's Rule 26(a)(2) Disclosures | May 31, 2007 |
| Defendants' Rule 26(a)(2) Disclosures | June 30, 2007 |
| Amend Complaint | May 1, 2007 |
| Close of Discovery (including for expert discovery) | August 29, 2007 |
| Dispositive Motions | October 1, 2007 |
| Oppositions to Dispositive Motions | October 31, 2007 |
| Replies in Support of Dispositive Motion | November 14, 2007 |
| Filing of Pretrial Statements | One week before pretrial conference |

| Event | Date/Deadline |
|---|---|
| Pretrial Conference | Thirty (30) days after the Court's ruling on dispositive motions filed after the close of discovery; if no dispositive motions are filed, then October 31, 2007. |
| Jury Trial | To be set at pretrial conference |

This schedule may be modified at any time by the Court's own Order or upon motion of a party upon showing good cause.

Entered this _____ day of _____ 2007.

_____

District Judge Gladys Kessler

Copy to:

William J. Mertens, Esq.
4905 Hampden Lane, Suite 16
Bethesda, MD 20814

*Counsel for Plaintiff*

Nicola Grey
Assistant Attorney General
Civil Litigation Division
General Litigation, Sec. IV
441 4th Street, N.W.
Washington, D.C. 20001

*Counsel for Defendants*