**IN THE UNITED STATES DISTRICT COURT**
**OF THE DISTRICT OF COLUMBIA**

ROBERT FRAZIER,
    *Plaintiff*,

                                Civil Action No. 1:06CV00615
    v.                            Judge Kessler

EDWINA WILLIAMS, *et al.*,       Next scheduled hearing: Sept. 24, 2007, status
    *Defendants*.                    conference

**STATEMENT PURSUANT TO LOCAL RULE 7(h)**
**OF MATERIAL FACTS NOT IN DISPUTE**

    The following facts constitute verbatim recitals of the matters set forth in the identically-numbered requests for admissions that Plaintiff served on July 11, 2007.

    1. The Plaintiff Robert Frazier was arrested on a charge of assault for an incident that occurred at the LaCage nightclub on or about February 16, 2003.

    2. This arrest occurred on April 3, 2003.

    3. The Defendant Edwina Williams caused the Plaintiff Frazier's arrest on this charge.

    4. The Plaintiff Frazier's arrest on this charge was without probable cause.

    5. In causing the Plaintiff's arrest on this charge, the Defendant Williams, in one or more specifics, acted in an objectively unreasonable way.

    6. The actions of the Defendant Williams, in causing the arrest of the Plaintiff Frazier, in all respects conformed to the policies, practices, rules, and procedures of the District of Columbia.

    7. On or about April 1, 2003, the Defendant Williams swore to an affidavit in support of a warrant for the arrest of the Plaintiff Frazier on the charge of assault.

    8. This affidavit included the following sentence: "The suspect identified as Robert F. Frazier aka 'Marco' was interviewed, and he stated that he assaulted the complainant because he

was talking negatively about his dancing; and that in fact interfered with his money making abilities in that club."

9. In the interview referred to in this sentence, the Plaintiff Frazier did not in fact "state[] that he assaulted the complainant."

10. The assertion in the affidavit of the Defendant Williams that the Plaintiff "stated that he assaulted the complainant" was false.

11. The Defendant Williams knowingly or recklessly made the false assertion referred to in the previous material fact.

The following facts are admitted in Defendants' Answer (Docket Entry 11) to the Complaint (Docket Entry 1).

12. The Defendant Williams is employed as a Detective with the Metropolitan Police of the District of Columbia (MPDC) and is assigned to the First District. (¶ 6)

13. The District of Columbia is a municipal corporation. (¶ 7)

14. The Defendant Williams was assigned to investigate the February, 2003, incident at the LaCage nightclub in Washington, D.C., that is the subject of this lawsuit. (¶¶ 9, 17)

15. The Plaintiff was arrested pursuant to Detective Williams's warrant, when he presented and surrendered himself to the MPDC on April 3, 2003. (¶ 28)[1]

---

[1] In ¶ 28 of Defendants' Answer, they state the date of Plaintiff's arrest as April 3, 2006, but this is an obvious error carried over from the identical typographical error in the corresponding paragraph of the Complaint. The following paragraph (¶ 29) of the Complaint correctly refers to the "next day" following Mr. Frazier's arrest as April 4, 2003. Furthermore, request no. 2 of the July 11, 2007, requests for admissions asked Defendants to admit that Mr. Frazier's arrest occurred on April 3, 2003. Defendants' failure to serve timely responses constitutes an admission of this fact. Defendants' out-of-time responses to the requests for admissions also admitted this fact.

16.  A *nolle prosequi* was entered at Plaintiff's subsequent arraignment in the Superior Court.  (¶ 29)


Dated: September 21, 2007                                      Respectfully submitted,


                                                                                     _____
William J. Mertens
7910 Woodmont Ave., Suite 1430
Bethesda, MD 20814
(301) 913-0012
Fax: (240) 465-0463
E-mail: wjmertens@aol.com
DC Bar: 911289

Counsel for Plaintiff