**IN THE UNITED STATES DISTRICT COURT**
**OF THE DISTRICT OF COLUMBIA**

ROBERT FRAZIER,
*Plaintiff*,

v.

EDWINA WILLIAMS, *et al.*,
*Defendants.*

Civil Action No. 1:06CV00615
Judge Kessler

Next scheduled hearing: Sept. 24, 2007, status conference

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff makes three principal points. First, Defendants failed to serve timely responses to requests for admissions. Under Rule 36 of the Federal Rules of Civil Procedure, this automatically means that they have conclusively admitted all the matters set out in the requests. Second, those matters, together with Defendants' admissions in their Answer to Plaintiff's Complaint, support summary judgment in favor of Plaintiff on Defendant Williams's liability under 42 U.S.C. § 1983 for violating Plaintiff's Fourth Amendment rights, as well as the liability of the District of Columbia under principles of municipal liability. Third, Defendants' failure to provide timely discovery, especially their failure to make themselves available for deposition before the cut-off of discovery on October 1, 2007, underscores the justice in granting the remedy of summary judgment.

## I. Defendants Have Conclusively Admitted the Matters in the Requests for Admissions.

Requests for admissions are governed by Rule 36 of the Federal Rules of Civil Procedure. Rule 36(a) states that

> a matter [of which an admission is requested] is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written

> answer or objection addressed to the matter, signed by the party or by the party's attorney.

Rule 36(b) states:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

Plaintiff served requests for admissions on both Plaintiffs by mail on July 11, 2007. (Exh. A to the accompanying Declaration of Counsel) Responses thus were due no later than 33 days later (30 days plus 3 more because of service by mail), or by August 13, 2007, but Defendants did not serve responses until more than a month after that, on September 14, 2007. (Exh. B)

Thus, Defendants are automatically deemed to have admitted all the matters set out in the requests for admissions. As the Wright, Miller, and Marcus treatise states:

> The rule is quite explicit that matters shall be deemed admitted unless, within the specified time limits, a written answer is filed or objections made.

8A C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2259, p. 551.

The leading case on this point in this Circuit is *Rainbolt v. Johnson*, 669 F.2d 767 (D.C. Cir. 1981). There the court stated:

> Rule 36 . . . expressly provides that requests for admission are automatically deemed admitted if not answered within 30 days, and that the matters therein are "conclusively established" unless the court on motion permits withdrawal or amendment of the admissions. The rule is designed to expedite litigation, and it permits the party securing admissions to rely on their binding effect.

*Id*. at 768.

Likewise, in *Anchorage-Hynning & Co. v. Moringiello*, 697 F.2d 356 (D.C. Cir 1983) (per curiam), the Court of Appeals emphasized that "waiver by failure to respond is *conclusive*." *Id*. at 769 (emphasis added).

These cases mean what they say. In *Baker v. Potter*, 212 F.R.D. 8 (D.D.C. 2002), Judge Urbina applied *Rainbolt* to hold the Postmaster General of the United States to admissions he made by failing to serve timely responses to Rule 36 requests. The Court's opinion stated:

> By its operation . . . Rule 36 ensures that the party securing the admissions may rely on their binding effect. *Rainbolt*, 669 F.2d at 768. This effect is intentional: if it were otherwise, the party that obtained the admissions could not "safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule [would be] defeated." FED.R.CIV.P. 36 advisory committee note.

*Id*. at 11.

It also is well established that summary judgment may be granted on the basis of default admissions under Rule 36. In *United States v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987), the court said, "Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *Id*. at 1350. *See also*, *e.g.*, *Universal Studios Productions LLP v. Bigwood*, 441 F. Supp. 2d 185, 187 (D. Me. 2006) ("[S]ummary judgment can be properly granted on facts that are admitted because a party failed to respond to a request for admission"); *McNeil v. AT&T Universal Card*, 192 F.R.D. 492 (E.D. Pa. 2000) (summary judgment may be granted solely on the basis of on default admissions under Rule 36). Indeed, because Rule 36 admissions are "conclusive," the party opposing summary judgment may not

seek to avoid the force of its own admissions by offering allegedly contradicting evidence. It is error for the trial court to consider such evidence. *See Rainbolt*, 669 F.2d at 769.

## II. Defendants' Admissions Establish Their Liability Under 42 U.S.C. § 1983 For Violating Plaintiff's Fourth Amendment Rights.

The admitted facts show that Det. Williams violated Mr. Frazier's Fourth Amendment rights under color of District of Columbia law. A detective of the Metropolitan Police, she was assigned to investigate the February, 2003, incident at the LaCage nightclub in Washington, D.C., that is the subject of this lawsuit. (Rule 7(h) list, nos. 12, 14) Although there was no probable cause to arrest Plaintiff (no. 4), she caused his arrest for assault for that incident when, on April 3, 2003, he surrendered himself on a warrant issued on the strength of an affidavit to which she swore on April 1, 2003. (Nos. 1, 2, 3, 7, 15) Det. Williams's affidavit falsely swore that Plaintiff stated to her during an interview that he assaulted the complainant; the Plaintiff did not make that statement. (Nos. 8, 9, 10) Det. Williams knowingly or recklessly made this false assertion in her affidavit. (No. 11) By thus bringing about Plaintiff's arrest without probable cause, she violated Plaintiff's Fourth Amendment rights. *E.g.*, *Beck v. Ohio*, 379 U.S. 89 (1964).

She is not entitled to qualified immunity. Her actions violated clearly established law. *E.g.*, *Franks v. Delaware*, 428 U.S. 154 (1978); *see generally Bernstein v. Roberts*, 405 F. Supp. 34, 39 (D.D.C. 2005) ("[Q]ualified immunity can be denied if, 'in light of pre-existing law, the unlawfulness [was] apparent.'") (quoting *Wilson v. Layne*, 526 U.S. 603, 614-15 (1999)). The Detective herself admitted that her actions were objectively unreasonable. (No. 5)

The District of Columbia has admitted that Det. Williams's conduct in all respects—including having Plaintiff arrested in the absence of probable cause upon a falsely

sworn affidavit—conformed to the District's policies, practices, rules, and procedures. (No. 6) The District therefore is itself liable for Det. Williams's constitutional tort. *See Brooks v. District of Columbia*, 2006 WL 3361521 (D.D.C. 2006) (municipal liability established when deprivation of constitutional rights "was caused by a policy, custom or practice of the District of Columbia . . . .").

**III. <u>Defendants' Failures to Provide Timely Discovery Underscore the Equity in Granting Plaintiff Summary Judgment.</u>**

To the extent if any that further equitable concerns should come into play on a decision regarding summary judgment in this case, the equities are against the Defendants. The circumstances recited in the accompanying declaration of counsel demonstrate the Defendants' disregard of the requirements of the rules and the Court's scheduling order. In particular, they have not made themselves available for deposition. Independently of Rule 56(a), Rule 37(b)(2) would authorize the Court in these circumstances to strike Defendants' defenses and find Defendants' liability to be established.

**<u>CONCLUSION</u>**

The Court should grant Plaintiff summary judgment on his claim that both Defendants are liable for violating his rights under the Fourth Amendment.

Dated: September 28, 2007  Respectfully submitted,

/s/
William J. Mertens
7910 Woodmont Ave., Suite 1430
Bethesda, MD 20814
(301) 913-0012
Fax: (240) 465-0463
E-mail: wjmertens@aol.com
DC Bar: 911289

Counsel for Plaintiff