UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT FRAZIER,                            :
                                           :
          Plaintiff,                       :
                                           :
     v.                                    :  Civil Action No.: 06-615 (GK)
                                           :
EDWINA WILLIAMS, *et al.*,                 :
                                           :
          Defendants.                      :
                                           :
_____    :

DEFENDANTS DISTRICT OF COLUMBIA AND EDWINA WILLIAMS'
OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants District of Columbia and Edwina Williams ("Defendants"), by and through

undersigned counsel, and pursuant to Fed. R. Civ. P. 56, submit this memorandum in opposition

to Plaintiff's Motion for Partial Summary Judgment ("Motion"). As grounds therefore, the

Defendants state that Plaintiff has failed to present undisputed facts or law that would suggest he

is entitled to judgment as a matter of law.

I.     BACKGROUND

This action arose on April 3, 2003, as a result of Plaintiff's arrest for a February 17, 2003,

assault on a patron at the LaCage nightclub in Washington, D.C. See Exhibit A, Incident Report

dated February 18, 2003. On February 17, 2003, Plaintiff was employed as a male entertainer

for the LaCage nightclub where he was known as "Marco." Id. On that same date, Plaintiff

assaulted Shane Kline, a patron of the night club at 2:30 a.m. Id. Mr. Kline reported the incident

to the Metropolitan Police Department ("MPD"), on February 18, 2003. Id.  Mr. Kline claimed

that Plaintiff assaulted him by punching him with his fist. Id. Jonathan Tort, a witness to the

assault, also provided MPD with a statement. See Exhibit B, Supplement Report. Id.

Thereafter, the case was assigned to Defendant Detective Edwina Williams and an investigation

was conducted.  When Plaintiff was interviewed by Defendant Williams, he stated that he

assaulted Mr. Kline because he was talking negatively about Plaintiff's dancing, and that in fact

interfered with Plaintiff's money making abilities.  See Exhibit C, Affidavit in Support of an

Arrest Warrant.

On April 1, 2003, Defendant Williams submitted the affidavit in support of an arrest

warrant for Plaintiff.  Id.  Defendant Williams obtained an arrest warrant that same date.  See

Exhibit D, Warrant.  On April 3, 2002, Plaintiff voluntarily turned himself in to MPD where he

was arrested.  Plaintiff was charged with simple assault.  See Exhibit E, Arrest/Prosecution

Report.  Plaintiff claims that Defendant Williams "secured the warrant in the absence of probable

cause."  See Complaint ¶ 26.  Plaintiff alleges that Defendant Williams discriminated against him

because of his "perceived sexual orientation and [the] nature of his employment."  Id. ¶ 27, 30.

Plaintiff also claims that as a result of Defendant Williams conduct, he suffered "substantial

injury to body and mind and also severe economic and professional loss."  Id. ¶ 32.

On November 21, 2006, Plaintiff filed a civil rights violations lawsuit under 42 U.S.C. §

1983.   Id., generally.  In his Complaint, Plaintiff claimed that Defendant Williams violated his

Fourth and Fifth Amendment rights and that the District Defendant was liable under "principles

of municipal liability."  Id. ¶ 34, 25, 36.

On July 11, 2007, Plaintiff served eleven requests for admissions upon Defendants.  On

September 14, 2007, Defendants served untimely responses to Plaintiff's requests for

admissions.[1]

---

[1]      Defendants' response to Plaintiff's requests for admissions was approximately 1 mo nth overdue.
Undersigned counsel inadvertently overlooked the request for admissions deadline date as a result of several hectic
discovery schedules in several of the undersigned counsel's cases.  Undersigned incorrectly believed that the
deadline was in September 2007.  Additionally, undersigned contacted Plaintiff's counsel to request his consent to
permit the Defendants to serve responses to admissions out of time.  Undersigned took Plaintiff's counsel's silence
as consent and assumed that Plaintiff's counsel was extending the same courtesy Defendant's previously extended to
Plaintiff.

## II.    STANDARD OF REVIEW

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  The party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law.  *Ferguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993).   The burden then shifts to the non-moving party to show the existence of a genuine issue of material fact.  *Id.; Beard v. Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993). Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact.  *Id.*

A movant is not entitled to summary judgment on all issues identified in its motion,  if the non-moving party has provided evidence to show that a question of material fact remains. *Bowers v. NCAA,* 9 F. Supp.2d 460, 471 (D.N.J. 1998).  Once the movant has discharged his burden, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also, Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986) ("by its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion . . . ; the requirement is that there be no genuine issue of material fact") (emphasis in original).  Although all reasonable inferences are drawn in favor of the non-movant, that party "bear[s] the burden of pointing to 'affirmative evidence' establishing a genuine factual dispute."  *Coward v. ADT Security Sys., Inc.*, 140 F.3d 271, 273 (D.C. Cir. 1998).

### III.    <u>ARGUMENT</u>

This Court should deny Plaintiff's Partial Motion because certain matters admitted are untrue. In his Motion for Partial Summary Judgment against the Defendants, Plaintiff argues that pursuant to Fed. R. Civ. P. 36, the Defendants' answers to his Request for Admissions were untimely and therefore, all the matters set out in the request for admissions are automatically deemed admitted. To support this argument, Plaintiff relies on *Rainbolt v. Johnson*, 699 F.2d 767 (D.C. Cir. 1981). However, the facts of that case are distinguishable to those of the case at bar. Namely, in *Rainbolt,* the defendant did not only fail to respond to plaintiff's request for admissions within the 30 day period, as is required by Fed. R. Civ. Pro. 36, but they failed to respond at any time prior to trial. *Id* at 768. In this case, Defendants did respond to Plaitniff's Request for Admision, albeit untimely.

In further support of his argument, Plaintiff also relies on *Anchorage-Hynning & Co. v. Moringiello,* 697 F.2d 356 (D.C. Cir 1983). The instant case can also be distinguished from *Anchorage.* Unlike *Anchorage,* Defendants did not fail to respond to the requests for admissions. The Defendants response was merely untimely. Additionally, unlike *Anchorage,* the information Plaintiff in this case seeks to be admitted is erroneous and untrue.

Plaintiff also cites *United  States v. Kasuboski,* 834 F.2d 1345 (7th Cir. 1987), to support his contention that summary judgment may be granted on the basis of default admissions under Rule 36. Contrary to Plaintiff's assertions, before summary judgment may be granted, Plaintiff must also "show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c).

In this case, Plaintiff is unable to show that there is no genuine issue as to any material fact. In his Motion, Plaintiff claims that the February 17, 2003, incident, actually occurred on February 16, 2003, and that he was the first to make a complaint with MPD. See Exhibit A. As

4

asserted in Defendants' Answers to Requests for Admissions, the reliable evidence in this case,

and the documentation that Defendant Williams relied on to conduct her investigation, was the

Febraury 18, 2003, Incident Report in which Mr. Kline and Mr. Tort report that Mr. Kline was

assaulted on February 17, 2003.  See Ehibits A, B.  During her investigation, Defendant

Williams relied on the statements of the victim and witness, as well as Plaintiff's incriminating

statements regarding his conduct as the basis for the affidavit for the arrest warrant.  See Exhibit

C.  In other words, there was probable cause for Plaintff's arrest, officer Williams acted

reasonably, and the information in the affidavit that was used to issue Plaintiff's arrest warrant

was valid.[2]  See Exhibits A, B, C, D.

Although, Defendants served its responses approximately 30 days late, the fact that the

Defendants' responses were untimely does not necessarily result in the requests for admissions

being automatically deemed admitted under Fed. R. Civ. Pro. 36.  In *Banks v. Office of the*

*Senate Sergeant-at-Arms and Doorkeeper,* 226 F.R.D 113 (D.D.C., 2005), Magistrate Judge

Facciola discussed the District Court's discretion in such cases and how the deadlines described

in Rule 36 have been interpreted by other Courts:

> [T]he federal courts have permitted a party to answer the requests after the
> 30-day deadline has passed. *See, e.g., Smith v. First Nat'l Bank of Atlanta,*
> *837 F.2d 1575, 1577 (11th Cir.1988)*; *Gutting v. Falstaff Brewing Corp.,*
> *710 F.2d 1309, 1312 (8th Cir.1983)*; *Moosman v. Joseph P. Blitz, Inc.,* 358
> F.2d 686, 688 (2nd Cir.1966). See also 8 Charles Alan Wright, Arthur R.
> Miller, & Richard L. Marcus, Federal Practice and Procedure § 2257 & n.
> 9 (1994) ("The court has power to allow additional time for a response to a
> request for admissions even after the time fixed by the rule has expired.
> Thus, the court can, in its discretion, permit what would otherwise be an
> untimely answer."). There is therefore nothing that automatically requires
> that the requests for admission be deemed admitted merely because 30
> days have transpired since the defendant was ordered to respond.

*Id.* at 118.

---

[2] Under a sparate document, the District will be requesting the court for leave to serve its answers to Plaintiff's
Request for Admissions out of time.

Further, in *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1393 (5th Cir. 1969), the court held that "Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." Consequently, courts have broad discretion to permit parties to file a response out of time when "such filing will facilitate a proper presentation of the merits and when the untimely response will not prejudice the requesting party in maintaining the action." *United States v. $ 30,354*, 863 F. Supp. 442, 444-45 (W.D. Ky. 1994).

Finally, in *Marshall v. District of Columbia*, 391 A.2d 1374 (D.C. 1978), the court held that Rule 36(b) "focuses on the lack of prejudice to the opposing party [*i.e.*, the party opposing relief from an untimely response] and on the policy for furthering just and complete resolution of the merits." *Id.* at 1379. n4

Here, the Court should deny the Plaintiff's Partial Motion and allow the Defendants to serve the Plaintiff with its September 14, 2007, responses to his request for admissions, or, in the alternative, allow the Defendants to serve its answers to Plaintiff's Request for Admissions out of time.  Denying the Plaintiff's Motion and permitting the Defendants to respond to Plaintiff's Requests for Admissions out of time will facilitate a proper presentation of the merits and allowing such responses will not prejudice the Plaintiff.

Wherefore, the Defendants respectfully request that this Court deny Plaintiff's Motion for Partial Summary Judgment.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's

Motion for Partial Summary Judgment.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

_____/s/Phillip A. Lattimore, III_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

_____/s/Nicola N. Grey_____
NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT FRAZIER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No.: 06-615 (GK) |
| | : |
| EDWINA WILLIAMS, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## STATEMENT OF MATERIAL FACTS IN DISPUTE

1.    Plaintiff Robert Frazier was arrested on a charge of assault for an incident that occurred at the LaCage nightclub on February 17, 2003.  See Exhibit E

2.    Plaintiff was arrested on April 3, 2003, as a result of his conduct.  Id.

3.    Defendant Williams' conduct was reasonable.  See Exhibits A, B, C, D.

4.    Plaintiff stated in his interview that he assaulted the complainant.  See Exhibit C.

5.    Defendant Williams affidavit in support of a warrant was based on probable cause. See Exhibits A, B, C.

6.    Defendant Williams did not include false statements in her affidavit.  See Exhibit A, B, C.

7.    There was probable cause to issue the warrant for Plaintiff's arrest. Id.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

        */s/Phillip A. Lattimore, III*
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

8

*/s/Nicola N. Grey*
NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT FRAZIER,** | **:** |
| | **:** |
| **Plaintiff,** | **:** |
| | **:** |
| **v.** | **: Civil Action No.: 06-615 (GK)** |
| | **:** |
| **EDWINA WILLIAMS,** *et al.*, | **:** |
| | **:** |
| **Defendants.** | **:** |
| | **:** |

**ORDER**

**UPON CONSIDERATION** of the Plaintiff's Motion for Partial Summary Judgment, the

Defendants' Opposition, and the entire record herein, it is this _____ day of

_____, 2007:

**ORDERED** that the Plaintiff's Motion is **DENIED.**

_____
Honorable Gladys Kessler
United States District Judge

cc :   Nicola N. Grey
       Assistant Attorney General
       Office of the Attorney General
       For the District of Columbia
       441 4th Street, 6th Floor North, NW
       Washington, DC 20001

       William J. Mertens, Esq.
       7910 Woodmont Ave., Suite 1430
       Bethesda, MD 20814