UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT FRAZIER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No.: 06-615 (GK) |
| | : |
| EDWINA WILLIAMS, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANTS' MOTION FOR LEAVE TO ALLOW DEFENDANTS TO SERVE/SUBMIT RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS AFTER THE ALLOWED TIME FOR FILING A RESPONSE**

Defendants District of Columbia and Edwina Williams ("Defendants"), by and through undersigned counsel, respectfully move this Court for leave to allow the Defendants to submit response to Plaintiff's Request for Admissions ("RFA") after the allowed time for filing a response.  See, e.g., *Banks v. Office of the Senate Sergeant –at-Arms and Doorkeepers,* 226 F.R.D. 113, 118 (D.D.C. 2005).  Such relief is requested pursuant to Fed. R. Civ. P. 36(b).  The Plaintiff will not be prejudiced by the granting of this motion.  Thus, this Court should grant Defendants' motion.  A Memorandum of Points and Authorities is attached herewith.  A proposed order is attached for the Court's convenience.

WHEREFORE, the Court should grant the Defendants' Motion to Allow Defendants to Answer Plaintiff's RFA after the Allowed Time to Respond.

                                                 Respectfully submitted,

                                                 LINDA SINGER
                                                 Attorney General for the District of Columbia

                                                 GEORGE C. VALENTINE
                                                 Deputy Attorney General,
                                                 Civil Litigation Division

                */s/Phillip A. Lattimore, III*
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

                */s/Nicola N. Grey*
NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail: nicola.grey@dc.gov

## Rule 7(m) Certification

On October 18, 2007, counsel for the District of Columbia contacted counsel for Plaintiff to request Plaintiff's consent to the relief sought herein. Plaintiff' counsel has not returned undersigned counsel's email or phone message to advise whether or not he consents. Therefore this motion should be treated as contested.

                */s/Nicola N. Grey*
NICOLA N. GREY [492150]
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT FRAZIER,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No.: 06-615 (GK) |
| : | |
| **EDWINA WILLIAMS,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION**

Defendants, by and through undersigned counsel, hereby move this Court for leave to serve its answers to Plaintiff's RFA after the allowed time for a response. As reasons therefore the Defendant represent as follows:

**Procedural History**

This action arose on April 3, 2003, as a result of Plaintiff's arrest for a February 17, 2003, assault on a patron at the LaCage nightclub in Washington, D.C. See Exhibit A, Incident Report dated February 18, 2003. On July 11, 2007, Plaintiff served eleven requests for admissions upon Defendants. On September 14, 2007, Defendants responded to Plaintiff's requests for admissions.[1]

As a result of Defendants' untimely responses, Plaintiff argues that the following untrue admissions (nos: 1, 3-6, and 9-11) are deemed to be admitted as a matter of law and by Court rule:

---

[1] Defendants' response to Plaintiff's requests for admissions was approximately 1 month overdue. Undersigned counsel inadvertently overlooked the request for admissions deadline date as a result of several hectic discovery schedules in several of undersigned counsel's cases. Undersigned incorrectly believed that the deadline was in September 2007.

3

NO 1: Admit that the plaintiff Robert Frazier was arrested on a charge of assault for an incident that occurred at the LaCage nightclub on or about February 16, 2003.

NO 3: Admit that the defendant Edwina Williams caused the Plaintiff Frazier's arrest on this charge.

NO 4: Admit that the plaintiff Frazier's arrest on this charge was without probable cause.

NO 5: Admit that in causing the plaintiffs arrest on this charge, the defendant Williams, in one or more specifics, acted in an objectively unreasonable way.

NO 6: Admit that the actions of the defendant Williams, in causing the arrest of the Plaintiff Frazier, in all respects conformed to the policies, practices, rules, and procedures of the District of Columbia.

NO 9: Admit that in the interview referred to in this sentence, the plaintiff Frazier did not in fact "state[] that he assaulted the complainant."

NO 10: Admit that the assertion in the affidavit of the defendant Williams that the plaintiff "stated that he assaulted the complainant" was false.

NO 11: Admit that the defendant Williams knowingly or recklessly made the false assertion referred to in the previous request for admission.

## Statement of the Facts

On February 17, 2003, Plaintiff was employed as a male entertainer for the LaCage nightclub where he was known as "Marco."  Id.  On that same date, Plaintiff assaulted Shane Kline, a patron of the nightclub, at 2:30 a.m.  Id.  Mr. Kline reported the incident to the Metropolitan Police Department ("MPD") on February 18, 2003.  Id.   Mr. Kline claimed that Plaintiff assaulted him by punching him with his fist.  Id.  Jonathan Tort, a witness to the assault, also provided MPD with a statement.  See Exhibit B, Supplement Report.  Id.   Thereafter, the case was assigned to Defendant Detective Edwina Williams and an investigation was conducted. When Plaintiff was interviewed by Defendant Williams, he <u>admitted</u> that he assaulted Mr. Kline because he was talking negatively about Plaintiff's dancing, and that he also interfered with

Plaintiff's money making abilities. Emphasis added. See Exhibit C, Affidavit in Support of an Arrest Warrant.

On April 1, 2003, Defendant Williams submitted the affidavit in support of an arrest warrant. Id. Defendant Williams stated in her affidavit that her investigation determined that the complainant and a witness were sitting in the bar area of the LaCage nightclub when Plaintiff struck the complaint in the back of the neck with a closed fist. Id. Defendant Williams obtained an arrest warrant that same date. See Exhibit D, Warrant. On April 3, 2002, Plaintiff voluntarily turned himself in to MPD where he was arrested. Plaintiff was charged with simple assault. See Exhibit E, Arrest/Prosecution Report.

On November 21, 2006, Plaintiff filed suit against the District of Columbia and Officer Williams. Plaintiff claims that Defendant Williams "secured the warrant in the absence of probable cause," in violation of 42 U.S.C. § 1983, and the Fourth and Fifth Amendments of the United States Constitution. See Complaint ¶ 34, 25, 26, 36. Plaintiff alleges that Defendant Williams discriminated against him because of his "perceived sexual orientation and [the] nature of his employment." Id. ¶ 27, 30. Plaintiff also claims that as a result of Defendant Williams' conduct, he suffered "substantial injury to body and mind and also severe economic and professional loss." Id. ¶ 32.

## **Argument**

This Court Should Exercise its Discretion to Allow Defendants to Answer Plaintiff's RFA. It is well established that a federal trial court has the discretion to allow Defendants here, to submit responses to Plaintiff's RFA after the allowed time for them to respond. See, e.g., *Banks v. Office of the Senate Sergeant –at-Arms and Doorkeepers,* 226 F.R.D. 113 (D.D.C. 2005).

**A.    There Is No Prejudice to Plaintiff.**

Plaintiff will not be prejudiced if this Court allows the Defendants to serve it answers to Plaintiff's RFA. Moreover, Plaintiff cannot show that he will be prejudiced if the Defendants' answers are deemed timely served. Here, discovery is on-going and will continue until November 15, 2007. Consequently, Plaintiff will be able to conduct discovery on any answer that is state in the Defendants' answers to Plaintiff's admissions requests.

Accordingly, the Defendants should be permitted to serve its untimely answers to Plaintiff's RFA since it will aid the Court in adjudicating this case on the merits.

**B.    Defendants' Failure to Timely Answer Plaintiff's RFA Should not be Deemed an Admission Because the Answers Would Contradict the Evidence.**

It is in the interest of justice to allow the Defendants to serve its answers to Plaintiff's RFAs. Defendants' failure to timely answer Plaintiff's admissions should not be deemed admitted because such answers would be wholly contradicted by the evidentiary record. For example, In *Gallagos v. City of Los Angeles*, 308 F.3d 987 (9th Cir. 2002), the Court permitted the withdrawal of an admission because "[a]llowing [the] admission to stand [would] confuse [the jury] … [and] withdrawal of the admissions thus subserves the presentation of the merits in this action." Id., at 993. If Admissions Nos. 1, 3-4, and 9-11 are deemed admitted in this case, those admissions, like the admissions in *Gallagos,* would be unsupported by any reliable evidence.

In this case, an admission that the incident occurred on February 16, 2003, is erroneous and simply is untrue. See Exhibits A, B. The documented evidence shows that Defendant Williams investigated a complaint of an assault that was alleged to have occurred on February 17, 2003. Id. Additionally Plaintiff's arrest was the result of the investigation of the February

6

17, 2003, assault. See Exhibits A, B, C, D. The Defendants should be permitted to serve its answer to Plaintiff's admissions because this conceded admission is one that goes to a critical issue in the case, the date of the alleged assault. Even if Plaintiff were able to produced documents that indicated that the incident occurred on February 16, 2003, any such documents would not have been the documents that Defendant Williams relied upon to conduct and complete her investigation. If this case were to go to trial, the victim, Mr. Kline and his Witness, Mr. Tort, would not be precluded from testifying about the dates they alleged the incident occurred. Clearly, the date of the alleged incident is not conclusive and it is a material fact that is in dispute.

If admissions Nos. 3-5, and 9-11 are deemed conceded because of Defendants untimely response, these admissions would also not be completely true. The Defendants contend that it was Plaintiff's conduct that caused his arrest, and as a result of that conduct, Defendant Williams had probable cause to obtain an arrest warrant. See Exhibits C, D. Additionally, the arrest warrant was issued on the basis of Defendant Williams' true and accurate affidavit. See Exhibit C. Finally, if admission No. 6 is deemed conceded, it would not be completely true either. As previously stated, it was not Defendant Williams that caused Plaintiff's arrest. It was Plaintiff's conduct that caused his arrest.

Unlike the responses that Plaintiff seeks to be admitted, Defendants' responses to Plaintiff's requests for admissions are a more accurate depiction of the documented evidence. Defendants respectfully request leave to serve its answers to Plaintiff's RFA as follows:

> REQUEST NO 1: Admit that the plaintiff Robert Frazier was arrested on a charge of assault for an incident that occurred at the LaCage nightclub on or about February 16, 2003.

7

**RESPONSE: Deny that the incident occurred on February 16, 2003. Defendants admit that plaintiff was arrested for an incident that occurred on February 17, 2003.**

REQUEST NO 3: Admit that the defendant Edwina Williams caused the Plaintiff Frazier's arrest on this charge.

**RESPONSE: Deny. Plaintiff was arrested as a result of his conduct of allegedly committing an assault against another person.**

REQUEST NO 4: Admit that the plaintiff Frazier's arrest on this charge was without probable cause.

**RESPONSE: Deny.**

REQUEST NO 5: Admit that in causing the plaintiffs arrest on this charge, the defendant Williams, in one or more specifics, acted in an objectively unreasonable way.

**RESPONSE: Deny.**

REQUEST NO 6: Admit that the actions of the defendant Williams, in causing the arrest of the Plaintiff Frazier, in all respects conformed to the policies, practices, rules, and procedures of the District of Columbia.

**RESPONSE: Objection. Plaintiff caused his own arrest by allegedly committing an assault against another person. Without waiving the objection, defendants admit that Officer Williams' actions conformed to applicable departmental policies and procedures in arresting the plaintiff.**

REQUEST NO 9: Admit that in the interview referred to in this sentence, the plaintiff Frazier did not in fact "state[] that he assaulted the complainant."

**RESPONSE: Deny.**

REQUEST NO 10: Admit that the assertion in the affidavit of the defendant Williams that the plaintiff "stated that he assaulted the complainant" was false.

**RESPONSE: Deny.**

REQUEST NO 11: Admit that the defendant Williams knowingly or recklessly made the false assertion referred to in the previous request for admission.

**RESPONSE: Deny.**

**WHEREFORE**, for the foregoing reasons, the Court should grant the Defendants' Motion for Leave to Serve its Answers to Plaintiff's Request for Admissions Nos: 1, 3 – 6, and 9-11 as follows:

**RESPONSE No 1: Deny that the incident occurred on February 16, 2003. Defendants admit that plaintiff was arrested for an incident that occurred on February 17, 2003.**

**RESPONSE No. 3: Deny. Plaintiff was arrested as a result of his conduct of allegedly committing an assault against another person.**

**RESPONSE No 4: Deny.**

**RESPONSE No. 5: Deny.**

**RESPONSE No 6: Objection. Plaintiff caused his own arrest by allegedly committing an assault against another person. Without waiving the objection, defendants admit that Officer Williams' actions conformed to applicable departmental policies and procedures in arresting the plaintiff.**

**RESPONSE No 9: Deny.**

**RESPONSE No. 10: Deny.**

**RESPONSE No. 11: Deny.**

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General,
        Civil Litigation Division

        */s/Phillip A. Lattimore, III*
        PHILLIP A. LATTIMORE, III [422968]
        Chief, General Litigation Sec. III

      */s/Nicola N. Grey*
      NICOLA N. GREY [492150]
      Assistant Attorney General
      441 Fourth Street, N.W.
      Sixth Floor South
      Washington, D.C. 20001
      (202) 724-6626; (202) 727-6295
      (202) 727-3625 (fax)
      E-mail: nicola.grey@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT FRAZIER, | : |
| | : |
|       **Plaintiff,** | : |
| | : |
| v. | : Civil Action No.: 06-615 (GK) |
| | : |
| EDWINA WILLIAMS, *et al.*, | : |
| | : |
|       **Defendants.** | : |
| | : |

## ORDER

Upon consideration of the Defendants' Motion for leave to serve its Answers to Plaintiff's RFA, and the facts and law considered, it is hereby **ORDERED**;

Defendants' Motion is **GRANTED;** and it is

**FURTHER ORDERED**; that the responses to requests for Admissions Nos.: 1, 3-6, and 9-11 shall be admitted as follows:

**RESPONSE No 1: Deny that the incident occurred on February 16, 2003. Defendants admit that plaintiff was arrested for an incident that occurred on February 17, 2003.**

**RESPONSE No. 3: Deny. Plaintiff was arrested as a result of his conduct of allegedly committing an assault against another person.**

**RESPONSE No 4: Deny.**

**RESPONSE No. 5: Deny.**

**RESPONSE No 6: Objection. Plaintiff caused his own arrest by allegedly committing an assault against another person. Without waiving the objection, defendants admit that Officer Williams' actions conformed to applicable departmental policies and procedures in arresting the plaintiff.**

**RESPONSE 9: Deny.**

**RESPONSE No. 10: Deny.**

**RESPONSE No. 11: Deny.**

So **ORDERED** this _____ day of _____, 2007

_____
Honorable Gladys Kessler
United States District Judge

copies to:

Nicola N. Grey
Assistant Attorney General
Office of the Attorney General
For the District of Columbia
441 4th Street, 6N15, NW
Washington, DC 20001

William J. Mertens, Esq.
7910 Woodmont Ave., Suite 1430
Bethesda, MD 20814