**IN THE UNITED STATES DISTRICT COURT**
**OF THE DISTRICT OF COLUMBIA**

ROBERT FRAZIER,
    *Plaintiff*,

                                   Civil Action No. 1:06CV00615
     v.                          Judge Kessler

EDWINA WILLIAMS, *et al.*,          Next scheduled deadline:  Nov. 15, 2007, conclusion
    *Defendants.*                  of discovery

**PLAINTIFF'S REPLY**
**IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff hereby replies to Defendants' opposition to Plaintiff's motion for partial

summary judgment.

There can be no serious dispute that a failure to serve timely responses to Rule 36(a)

requests for admissions constitutes an admission of the matters set forth in the requests.  The rule

so states, and a large and consistent body of case law so holds.  Defendants here failed to serve

timely responses and thus "automatically" have admitted the matters set forth.  *Rainbolt v.*

*Johnson*, 669 F.2d 767, 768 (D.C. Cir. 1981).

Likewise, Defendants cannot seriously dispute that admissions such as theirs under Rule

36(a) are "conclusive," that is, that the matters admitted are not open to contradiction by

allegedly contrary evidence.  Rule 36(b) so states, saying that "[a]ny matter admitted under this

rule is conclusively established unless the court on motion permits withdrawal or amendment of

the admission."  The Court of Appeals explicitly enforced this provision in *Rainbolt*.  The Court

found that an Auditor-Master erred in considering other evidence and not treating admissions as

conclusive, that is, as "binding."  *Id*. at 769.  Defendants claim to distinguish *Rainbolt* on the

ground that defendants in that case did not attempt to serve untimely responses to requests for

admissions until trial, whereas Defendants here attempted to serve untimely responses earlier.

Defts.' Opp. to Pltff.'s Mot. For Part. Summ. Judg., at 4.  For present purposes, this is no distinction at all.  The Court in *Rainbolt* was perfectly clear that "requests for admission are automatically deemed admitted if not answered *within 30 days* . . . ."  669 F.2d at 768 (emphasis added).  The defendant in *Rainbolt* did not respond within 30 days, and neither did Defendants here.  They are in the same situation.[1]

Finally, Defendants do not dispute the fact that the matters in Plaintiff's requests for admissions are sufficient to establish both Defendants' liability under 42 U.S.C. § 1983 for violating Plaintiff's Fourth Amendment rights.

In seeking to avoid summary judgment, Defendants therefore must hope that their admissions can be vitiated.  On October 23, 2007, a month after Plaintiff filed his summary judgment motion and after they filed their opposition thereto, Defendants filed a motion requesting an after-the-fact extension of time to serve responses to Plaintiff's requests for admissions, which were due August 13, 2007.  (Docket Entry 24) Defendants never previously requested that or similar relief under Rule 36(b).

As it stands, Defendants have given the Court no reason to deny partial summary judgment for Plaintiff, unless the Court grants their October 23 motion for a retroactive extension.  Plaintiff will be filing a timely opposition to that motion to explain why under the standards that apply under Rule 36, the requested extension should be denied.  If the Court agrees

---

[1]Defendants attempt to meet the force of their own binding admissions by attaching various police reports that are not even in evidentiary form as required by Rule 56(e).  The only affidavit Defendants supply is Detective Williams's affidavit in support of a warrant to arrest Plaintiff.  The invalidity of that very affidavit is at the heart of this § 1983 false arrest case.  Plaintiff contends, and Defendants by their admissions have conceded, that this affidavit is false.

with Plaintiff's position on Defendants' extension request, then partial summary judgment should

be granted.

## CONCLUSION

The Court should grant Plaintiff summary judgment on his claim that both Defendants are

liable for violating his rights under the Fourth Amendment.

Dated: October 25, 2007                                   Respectfully submitted,


                                              _____/s/_____
                                              William J. Mertens
                                              7910 Woodmont Ave., Suite 1430
                                              Bethesda, MD 20814
                                              (301) 913-0012
                                              Fax: (240) 465-0463
                                              E-mail: wjmertens@aol.com
                                              DC Bar: 911289

                                              Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, William J. Mertens, hereby certify that on this, the 25th day of October, 2007, I caused
the foregoing document to be served upon counsel for the Defendants through the Court's
electronic filing and notification system.


                                              _____/s/_____
                                              William J. Mertens