IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

ROBERT FRAZIER,
    *Plaintiff*,

    v.

EDWINA WILLIAMS, *et al.*,
    *Defendants*.

Civil Action No. 1:06CV00615
Judge Kessler

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR LEAVE TO SERVE UNTIMELY RESPONSES
TO REQUESTS FOR ADMISSION**

Plaintiff hereby opposes Defendants' motion to serve untimely responses to requests for admissions.

1. The cases Defendants cite in support of their request are inapposite. First, Magistrate Judge Facciola's opinion in *Banks v. Office of the Senate Sergeant-at-Arms and Doorkeepers*, 226 F.R.D. 113 (D.D.C. 2005), dealt with an unusual situation wholly different from the situation here. The opinion in that case explained:

> On May 3, 2004, I ordered the defendant to file responses to plaintiff's first request for admissions. On May 17, 2004, plaintiff filed its motion for reconsideration, asking the presiding judge, Judge Kennedy, to vacate my May 3, 2004 order. On June 2, 2004, plaintiff moved for a stay of its obligation to comply with the May 3, 2004 order, pending resolution of his motion for reconsideration. Judge Kennedy never ruled on the motion to stay and thus plaintiff now moves that his request for admissions be deemed admitted . . . .

*Id*. at 118.

In other words, the defendant in *Banks* failed to serve answers at a time when the obligation to serve responses was under active litigation, Judge Facciola having ordered responses and the defendant having asked District Judge Kennedy to vacate that order. In these

circumstances, Judge Facciola allowed defendants to serve responses, though the responses were by then untimely.

     As Judge Facciola explained:

> Had the motion to stay been addressed to me, I would have unquestionably granted it. I always do. To force a party to comply with an order while it was seeking review of that order would be, in effect, to compel that party to abandon in advance the victory it might gain by reversal of the magistrate judge's order. It would also be presumptuous and arrogant for a magistrate judge to presume his own infallibility and deny a party the right to appeal from his decision by insisting upon compliance with an order that may be reversed. I will therefore not deem the requests admitted but instead will do nothing until Judge Kennedy resolves the motion for reconsideration.

*Id*.

     The present case is not remotely similar. Here, Defendants did nothing to contest their obligation to answer Plaintiff's requests for admission. They asked neither the Court nor Plaintiff's counsel for additional time beyond the 30 days specified in Rule 36(a). Even now, they make no showing of excusable neglect that could justify a month-late attempt to serve responses. They also fail to justify waiting still another month to request an extension of time.

     To be sure, Judge Facciola did state, in dicta, that there is "nothing that automatically requires that the requests for admission be deemed admitted merely because 30 days have transpired since the defendant was ordered to respond." *Id*. These dicta could be read as conflicting with the decision of the Court of Appeals in *Rainbolt v. Johnson*, 669 F.2d 767 (D.C. Cir. 1981), which Judge Facciola's opinion did not cite. There the court stated that "Rule 36 . . . expressly provides that requests for admission are automatically deemed admitted if not

answered within 30 days . . . " *Id*. at 768.  Be this as it may, the circumstances of *Banks* were far different from those here.

The Ninth Circuit's decision in *Gallegos v. City of Los Angeles*, 308 F.3d 987 (9th Cir. 2002), also is not on point.  There is no indication in the court's opinion in *Gallegos* that the defendants failed to serve timely responses to Rule 36(a) requests.  Instead, the police officer defendants had responded by admitting that they arrested the plaintiff.  Later, the district court granted their request to withdraw the admissions in order to claim that the plaintiff had been subject only to an investigatory stop, not an arrest.  Defendants subsequently moved for summary judgment, which the district court granted.  In these circumstances, where defendants had been guilty of no neglect, and plaintiff could demonstrate no prejudice, the court of appeals affirmed the district court's decision to allow the admissions withdrawn as within the district court's discretion.  *Id*. at 993.  Again, the present situation is entirely different.

2.  Judge Urbina's decision in *Baker v. Potter*, 212 F.R.D. 8 (D.D.C. 2002), is much closer on point.  There, Judge Urbina held the Postmaster General of the United States to admissions he made by failing to serve timely responses to Rule 36 requests.  Judge Urbina denied the Postmaster General's request to withdraw or amend his admissions.  He stated that after trial was underway withdrawal would require a showing of "manifest injustice," in view of the obvious prejudice to the other side,  *Id*. at 13 n.5.

To be sure, trial in the present case has not yet begun (or been scheduled), but Defendants' request nonetheless comes far too late in the day.  They filed their request for relief under Rule 36(b) little more than three weeks before the close of discovery, which comes on November 15, 2007.  Unless and until Defendants admissions are withdrawn, Plaintiff was

entitled to rely on them and plan his discovery and other actions accordingly. As the Court of Appeals stated in *Rainbolt*, Rule 36 "permits the party securing admissions" – default and express admissions alike – "to rely on their binding effect." *Id*. at 768. Plaintiff, as he was entitled to do, based his summary judgment motion on Defendants' admissions. Time and effort were expended on the motion in reliance on the conclusiveness of Defendants' admissions. Consequently, the prejudice to Plaintiff from Defendants' tardiness is real and substantial.

WHEREFORE, for the foregoing reasons, Defendants' motion to serve out-of-time responses to Rule 36(a) requests for admissions should be denied.

Dated: November 6, 2007                                          Respectfully submitted,

                                                                 _____/S/_____
                                                                 William J. Mertens
                                                                 7910 Woodmont Ave., Suite 1430
                                                                 Bethesda, MD 20814
                                                                 (301) 913-0012
                                                                 Fax: (240) 465-0463
                                                                 E-mail: wjmertens@aol.com
                                                                 DC Bar: 911289

                                                                 Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

    I, William J. Mertens, hereby certify that, this the 6th day of November, 2007, I have caused the foregoing document to be served through the Court's electronic filing and notification system.

                                    /S/
                                  William J. Mertens