UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT FRAZIER,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No.: 06-615 (GK) |
| **EDWINA WILLIAMS,** *et al.*, | : |
| **Defendants.** | : |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO SERVE ANSWERS TO ADMISSIONS**

Defendant District of Columbia ("District"), by and through undersigned counsel, hereby submits this reply in response to Plaintiff's Opposition to Defendant District of Columbia's Motion for Leave to Serve Answers to Admissions ("Opposition") as follows:

**A.    Plaintiff is Unable to Demonstrate That he Will be Prejudiced if the Defendants' Motion is Granted.**

Plaintiff is unable to demonstrate that he will be prejudiced if the Defendants' Motion is granted. In support of his opposition, Plaintiff argues that he will be prejudiced because the Defendants' Motion was filed about "three weeks before the close of discovery," Plaintiff relied on the admissions "to plan his discovery and other actions," and "time and effort were expended on the motion" for summary judgment. See Opposition, p. 3-4. Plaintiff fails, however, to demonstrate that he will be prejudiced if this Court grants Defendants' Motion.

In support of his Opposition, Plaintiff cites *Baker v. Potter,* 212 F.R.D. 8 (D.D.C. 2002), for the proposition that the Plaintiff would be prejudiced if the Court were to permit Defendants to serve admissions. In *Baker,* the Defendant attempted to serve admissions three months after the close of discovery. In this case, discovery has not concluded. Unlike *Baker*, the withdrawal of the admissions

in this case would not prejudice Plaintiff. However, the erroneous admissions would bar the Defendants from presenting their case on its merits. *Id. See also, Green v. Blazer Diamond Products, Inc.*, 1994 U.S. Dist. LEXIS 21346, 1994 WL 715632, at *9 (concluding in a product liability action that the first prong of the test was met because the defendant's admissions "would effectively bar its presentation of the case on the merits because its prime defense is that it is not the manufacturer of the blade"); *Davis v. Noufal*, 142 F.R.D. 258, 259 (finding in a wrongful eviction suit that the merits prong was met because the landlord's requested admissions "negated all of [plaintiff tenant]'s allegations"); *Rabil v. Wafford*, 128 F.R.D. 1, 2 (finding in a dispute over legal fees that "the first half of the test is clearly satisfied since the effect of upholding the admissions [acknowledging debt] would be to practically eliminate any presentation of the merits").

Accordingly, the Defendants should be permitted to serve its answers to Plaintiff's request for admissions so that the Court can adjudicate this case on the merits.

### B. Plaintiff Does not Refute Defendants' Contention That the Answers to Admissions Would Contradict the Evidence.

Contrary to Plaintiff's assertions this Court should grant Defendants' Motion because the Defendants' admissions would be consistent with the evidentiary record in this case. In his Opposition, Plaintiff does not refute Defendants' contention that admissions 1, 3 – 6, and 9-11 would contradict the evidence. Nor does Plaintiff refute Defendants' contention that a federal trial court has the discretion to allow Defendants here to submit responses to Plaintiff's RFA after the allowed time for them to respond. *Banks v. Office of the Senate Sergeant –at-Arms and Doorkeepers,* 226 F.R.D. 113 (D.D.C. 2005).

Instead Plaintiff argues that "the cases Defendants cite in support of their request are inapposite" and that Rule 36(a) "provides that requests for admissions are automatically deemed admitted." See Opposition, p. 1-2. Plaintiff argues that *Banks v. Office of the Senate Sergeant –at-Arms and Doorkeepers,* 226 F.R.D. 113 (D.D.C. 2005) is in applicable to this case because it dealt with an "unusual situation wholly different from the situation" in this case. See Opposition p. 1. In *Banks,* Judge Facciola did not limit his decision to the facts that were presented in that case.

Plaintiff, however, correctly notes that Judge Facciola held that "nothing … automatically requires that the request for admission be deemed admitted merely because 30 days have transpired since the defendant was ordered to respond." *Id.* Contrary to Plaintiff's assertions, at the Court's discretion, Fed. R. Civ. P. 36(b) provides that upon motion, the Court may permit withdrawal or amendment of the admission. *See also*, *Baker v. Potter, 212 F.R.D. 8*; *E.g., Armstrong*, 877 F. Supp. at 697 n.8; *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 876 (1st Cir. 1990); *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 651-52 (2d Cir. 1983); *United States v. Golden Acres, Inc.,* 684 F. Supp. 96, 98 (D. Del. 1988); *In re Fisherman's Wharf Fillet, Inc.,* 83 F. Supp. 2d 651, 661 (E.D. Va. 1999); *Am. Auto. Assoc. v. AAA Legal Clinic of Jefferson Crooke*, 930 F.2d 1117, 1119 (5th Cir. 1991); *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997); *United States v. Kasuboski*, 834 F.2d 1345, 1350 n.7 (7th Cir. 1987); *Perez v. Miami-Dade County, 297 F.3d 1255, 1265* (11th Cir. 2002).

In further support of his Opposition, Plaintiff argues that the facts in *Gallagos v. City of Los Angeles*, 308 F.3d 987 (9th Cir. 2002), are different from this case because the Defendants in *Gallagos* were not guilty of neglect. See Opposition p. 3. Contrary to Plaintiff's assertions, the holding in *Gallagos* supports the Defendants' contention that this Court should grant their Motion. Just as in

*Gallagos*, Plaintiff will not be able to demonstrate prejudice because the erroneous admissions in this case go to critical issues in the case. Accordingly, the Court should grant the Defendants' Motion because the conceded admissions go to critical issues in the case and would wholly contradict the evidentiary record.

**E.    CONCLUSION**

Based upon the foregoing and its Motion, Defendants respectfully request that this Court grant their Motion for Leave to Serve Answers to Admissions.

>Respectfully submitted,
>
>LINDA SINGER
>Acting Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General,
>Civil Litigation Division
>
>_____/s/Phillip A. Lattimore, III_____
>PHILLIP A. LATTIMORE, III [422968]
>Chief, General Litigation Sec. III
>
>_____/s/Nicola N. Grey_____
>NICOLA N. GREY [492150]
>Assistant Attorney General
>441 Fourth Street, N.W.
>Sixth Floor South
>Washington, D.C. 20001
>(202) 724-6626; (202) 727-6295
>(202) 727-3625 (fax)
>E-mail:  nicola.grey@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT FRAZIER,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.: 06-615 (GK)** |
| : | |
| **EDWINA WILLIAMS,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

### ORDER

Upon consideration of the Defendants' Motion for leave to serve its Answers to Plaintiff's RFA, and the facts and law considered, it is hereby **ORDERED**;

Defendants' Motion is **GRANTED;** and it is

**FURTHER ORDERED**; that the responses to requests for Admissions Nos.: 1, 3-6, and 9-11 shall be admitted as follows:

**RESPONSE No 1: Deny that the incident occurred on February 16, 2003. Defendants admit that plaintiff was arrested for an incident that occurred on February 17, 2003.**

**RESPONSE No. 3: Deny. Plaintiff was arrested as a result of his conduct of allegedly committing an assault against another person.**

**RESPONSE No 4: Deny.**

**RESPONSE No. 5: Deny.**

**RESPONSE No 6: Objection. Plaintiff caused his own arrest by allegedly committing an assault against another person. Without waiving the objection, defendants admit that Officer Williams' actions conformed to applicable departmental policies and procedures in arresting the plaintiff.**

5

**RESPONSE 9: Deny.**

**RESPONSE No. 10: Deny.**

**RESPONSE No. 11: Deny.**

So **ORDERED** this _____ day of _____, 2007

_____
Honorable Gladys Kessler
United States District Judge

**copies to:**

Nicola N. Grey
Assistant Attorney General
Office of the Attorney General
For the District of Columbia
441 4th Street, 6N15, NW
Washington, DC 20001

William J. Mertens, Esq.
7910 Woodmont Ave., Suite 1430
Bethesda, MD 20814