## IN THE UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF COLUMBIA

ROBERT FRAZIER,
    *Plaintiff*,

                        Civil Action No. 1:06CV00615

        v.                   Judge Kessler

EDWINA WILLIAMS, *et al.*,
    *Defendants.*

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
## TO EXTEND DISCOVERY AND FILE EIGHT-MONTH LATE EXPERT REPORT

Plaintiff, through counsel, hereby opposes Defendants' April 11, 2008, motion to file a late expert report under Rule 26(a)(2) and to extend again the case schedule [Docket No. 42]. Plaintiff also asks the Court to vacate its marginal order of April 14, 2008, granting that motion.

As grounds for this opposition, Plaintiff states:

1.  Under the Court's revised scheduling order of March 31, 2008 [No. 41], discovery was to close Friday, April 11, 2008, and dispositive motions were due a month thereafter.

2.  Pursuant to the Court's order of July 2, 2007, Defendants' Rule 26(a)(2) expert report, if any, had been due August 11, 2007, a month after Plaintiff served his own expert report on July 11, 2007. [No. 14].  This was eight months to the day after Defendants' report was due.

3.  On the afternoon of April 11, 2008, the last day of discovery, counsel for Defendants telephoned Plaintiffs' counsel and left a message to make a startling request for Plaintiff's consent to file a late expert report under rule 26(a)(2) and to extend the case schedule.  As of that date, Defendants' expert report (if they had chosen to serve one) was due <u>eight months earlier</u> to the day.

4.  The only "excusable neglect" cited in Defendants' motion for their extreme tardiness was the "need" to provide their expert with materials, including deposition transcripts, produced

in discovery. Yet the timing of expert discovery was discussed at some length at the initial scheduling conference in the case, and the Court decided to require expert reports at the beginning, rather than conclusion, of other discovery. Plaintiff abided by this requirement. Thus, his expert prepared a report without the benefit of these same materials. Defendants' disregard for the scheduling in this matter, if the Court allows it, will reward Defendants by giving them a substantial tactical advantage. Doing so is simply unfair to Plaintiff.

5. Later on the afternoon of April 11, before counsel had time to consider the message and review it with his client, Defendants filed their motion.

6. The following business day, Monday, April 14, 2008, before hearing from Plaintiff, the Court granted Defendants' motion by minute order.

7. Plaintiff requests that the Court reconsider and deny Defendants' motion, vacating its minute order.

8. To begin with, Plaintiff emphatically denies agreeing to Defendants' motion or in any way, shape, or form agreeing to or acquiescing in Defendants' grossly late service of an expert report. As is amply documented in the docket of this matter, counsel over the past few months have had extensive discussions on scheduling matters, and the schedule has been extended to permit completion of depositions. Defendants' counsel never brought up Defendants' intention to file a late expert report. Previous extensions were requested to allow completion of depositions of fact-witnesses. Allowing a months-late expert report never was presented as a reason; the issue never was discussed between counsel.

9. Defendants' request is grossly unfair to Plaintiff, who served his own expert report on July 11, 2007, before much discovery had been exchanged and before any depositions. The

Court's scheduling order, which was discussed at the original scheduling conference in this case, required service of expert reports at that point, in relation to the rest of discovery. By serving their report after the completion of discovery, Defendants are seeking to seize for themselves an advantage that was denied Plaintiff – the opportunity for their expert to use extensive discovery materials unavailable to Plaintiff's expert when his report was submitted nine months ago.

10.  Moreover, the fact that Defendants delayed raising the issue until the afternoon of the very last day of discovery means that resolution of this case, yet again, will be needlessly delayed.  Earlier in the discovery process, it might have been possible to accommodate Defendants' desire to serve an expert report without delaying the case schedule at that account. But because they chose to delay their request until virtually the moment that discovery was closed, they also demanded extension of the schedule.

11.  Defendants are wrong that Plaintiff only needs to conduct an additional deposition, if they are allowed to serve their expert report and present their expert's testimony at trial.  Vast additional discovery will be necessary.  Attached hereto (Attachment 1) is the report that Defendants' counsel transmitted to Plaintiff's counsel on April 11.  On its face, it suggests extensive additional discovery that will be necessary for Plaintiff to conduct; it is unlikely in the extreme that this discovery can be completed in another month.  Defendant will need to provide numerous writings of the prospective witness, G. Patrick Gallagher, including training materials from potentially "four hundred and eighty training sessions" he says he has conducted (p. 2); the "training manuals" that he says he has authored (p. 2); the "close to 100 reviews/audits/ assessments of law enforcement agencies" that he says he has conducted; testimony from the "over 100 cases" where he says he has served as an expert witness (p. 2); and so on.

12.  At this very late date, it is fundamentally unfair to expand this case so enormously, and so needlessly.

WHEREFORE, for the foregoing reasons, Plaintiff requests that the Court deny Defendants' motion of April 11, 2008, to extend the case schedule and allow them to serve an eight-months-late expert report, and that the Court vacate its minute order of April 14, 2008, granting the same.

Dated: April 16, 2008                                    Respectfully submitted,

                                                _____/S/_____
                                                William J. Mertens
                                                7910 Woodmont Ave., Suite 1430
                                                Bethesda, MD 20814
                                                (301) 913-0012
                                                Fax: (240) 465-0463
                                                E-mail: wjmertens@aol.com
                                                DC Bar: 911289

                                                Counsel for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I, William J. Mertens, hereby certify that on this, the 16th day of April, 2008, I caused the foregoing document to be served upon counsel for the Defendants through the Court's electronic filing and notification system.


_____/S/_____
William J. Mertens