UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT FRAZIER,** : | |
| : | |
| **Plaintiff,** : | Civil Action No.: 06-615 (GK) |
| : | Judge Gladys Kessler |
| v. : | |
| : | |
| **EDWINA WILLIAMS,** *et al.*, : | Next Event: 5/12/08 |
| : | Close of Discovery |
| **Defendants.** : | |
| : | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ORDER OF APRIL 14, 2008 GRANTING LEAVE FOR DEFENDANTS TO LATE DISCLOSE THEIR RULE 26(a)(2) REPORT

Defendants the District of Columbia and Detective Edwina Williams, by and through undersigned counsel, hereby submit this opposition to plaintiff's motion to vacate the Court's April 14, 2008 minute order granting leave for the defendants to late disclose their Rule 26(a)(2) report.

### PROCEDURAL BACKGROUND

Pursuant to the Court's January 30, 2007 Order, the original deadlines for the parties to disclose their Rule 26(a)(2) experts designations and reports was June 1, 2007, for the plaintiff and July 1, 2007, for the defendants. By Order dated July 2, 2007, this Court extended the expert report disclosure deadlines to July 11, 2007, for the plaintiff and August 11, 2007 for the defendants.

The Court's January 30, 2007 Order also set October 1, 2007, as the close of discovery. However, the parties were not able to complete discovery by that date, and by Minute Order dated March 24, 2008, this Court extended discovery until April 11, 2008.

On April 14, 2008, this Court granted the defendants' motion for leave to disclose their expert statements and to extend discovery for an additional thirty (30) days, until May 12, 2008.

On April 16, 2008, plaintiff filed its motion to vacate the Court's April 14, 2008 minute order (hereinafter the "motion to vacate"). In that motion, plaintiff asserts that allowing the defendants to late disclose their expert report gives them a "substantial tactical advantage" because the defendants' expert report was prepared at the conclusion, rather than the beginning, of discovery. Motion to Vacate ¶¶ 4, 9. Plaintiff also asserts that previous extensions of the discovery period were only for completion of depositions of fact witnesses and that expert discovery was never discussed. Motion to Vacate ¶¶ 8, 10. Finally, plaintiff maintains that "[v]ast additional discovery will be necessary" if defendants are allowed to serve their expert report and present their expert's testimony at trial. Motion to Vacate ¶ 11.

## DISCUSSION

As outlined by the 10th Circuit, factors to be considered in allowed a party to late disclose its expert report include the following: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) (holding that extensions may be made after the expiration of the specified time period where the failure to act was the result of excusable neglect); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995).

In this case, all of the above factors support the Court's decision to allow the defendants to late disclose their expert report. First, plaintiff will not be prejudiced by the late disclosure of

the defendants' expert report. The purpose of Rule 26(a) expert reports is not only to identify the expert witness, but also "to set forth the substance of the direct examination." Fed. R. Civ. P. 26(a)(2) advisory committee note (1993). Such disclosure is necessary to allow the opposing party "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id*. Prejudice results when an expert report does not reveal what the expert will testify to at trial. *Woodworker's Supply, Inc.*, 170 F.3d at 993. Thus, to avoid prejudice, plaintiff must know the substance of the experts' testimony. Here, however, the defendants' disclosed expert report is a complete statement of the expert's opinion and what expected trial testimony. Therefore, plaintiff will not be prejudiced by the late disclosure.

Second, any alleged injury or prejudice to plaintiff can be easily remedied. Plaintiff will have ample opportunity to prepare for cross examination at trial, of which a date has not yet been set, because the defendants have already disclosed their expert report to plaintiff, and plaintiff has noted May 8, 2008 as the date it desires to take the deposition of the defendants' expert. *See* Ex. B. Moreover, although plaintiff argues that it will be prejudiced because the defendants' expert had the "tactical advantage" of writing his report at the end of discovery, any such advantage is quickly equalized by allowing the plaintiff's expert to amend his report, which the defendants would not oppose. In fact, plaintiff is under a continuing duty to supplement its expert report if there are additions or changes to what has been previously disclosed. Fed. R. Civ. P. 26(a)(2)(C) & 26(e)(1). Therefore, to the extent the recent depositions conducted by the parties in this case modify plaintiff's previously disclosed expert report, plaintiff must supplement that report. *Id.* In addition, since the defendants have already disclosed their expert report to plaintiff, plaintiff

3

has received the tactical benefit of reading the expert's theory of this case.

Third, the defendants' late disclosure of their expert report will not disrupt trial because no trial date has been set.

Finally, the defendants did not act in bad faith in the late disclosure of their expert's report. Plaintiff's assertion that previous extensions of the discovery period were only for fact witness depositions is mistaken. Although plaintiff's unavailability for a deposition was one of the reasons the parties requested these extensions, counsel for the defendants did discuss with plaintiff the availability of plaintiff's expert for a deposition, as evidenced by the attached email, sent by plaintiff's counsel to the undersigned counsel on March 21, 2008. *See* Ex. A. More importantly, the motions for extension, filed with this Court, never expressly limited the discovery period to fact witness depositions.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the defendants respectfully request that the Court deny plaintiff's motion to vacate.

Dated this 30th day of April, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Interim Chief, General Litigation Section III

*/s/ Richard A. Latterell*

4

RICHARD A. LATTERELL [502127]
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S074
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
Email: richard.latterell@dc.gov

Attorneys for the Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 30th day of April, 2008, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Vacate Order of April 14, 2008 Granting Leave for Defendants to Late Disclose Their Rule 26(a)(2) Report was served, via electronic service, to the following:

William J. Mertens
4905 Hampden Lane, Suite 16
Bethesda, MD 20814

/s/ Richard A. Latterell
Richard A. Latterell
Assistant Attorney General

**Latterell, Richard (OAG)**

**From:** wjmertens@aol.com
**Sent:** Friday, March 21, 2008 2:22 PM
**To:** Latterell, Richard (OAG)
**Subject:** Frazier v. Williams

As I said in a voice-mail a few minutes ago, Mr. Frazier is available for deposition on the afternoon of Thursday, April 10. That date is within three weeks.

We also need to talk about the deposition that you want to take of our police practices expert, Mr. France.

   Bill

The preceding e-mail message contains information that is confidential, may be protected by the attorney/client or other applicable privileges, and may constitute nonpublic information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender at (301) 913-0012. Unauthorized use, dissemination, distribution, or reproduction of this message is strictly prohibited and may be unlawful.

William J. Mertens
7910 Woodmont Ave., Suite 1430
Bethesda, MD 20814
Phone: (301) 913-0012
Fax: (240) 465-0463
E-mail: wjmertens@aol.com

---

Planning your summer road trip? Check out AOL Travel Guides.



4/29/2008

IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

ROBERT FRAZIER,
   *Plaintiff*,

            v.

EDWINA WILLIAMS, *et al.*,
   *Defendants*.

Civil Action No. 1:06CV00615
Judge Kessler

### NOTICE OF DEPOSITION

Pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, Plaintiff hereby gives notice of the deposition by oral examination of Defendants' proffered expert witness, G. Patrick Gallagher, to be held May 8, 2008, commencing at 9:30 AM at the offices of counsel for Plaintiff at the address stated below. The deposition will be recorded by audio and/or stenographic means.

Dated: April 28, 2008

Respectfully submitted,

*/s/ William J. Mertens*
William J. Mertens
7910 Woodmont Ave., Suite 1430
Bethesda, MD 20814
(301) 913-0012
Fax: (240) 465-0463
E-mail: wjmertens@aol.com
DC Bar: 911289

Counsel for Plaintiff



## CERTIFICATE OF SERVICE

    I, William J. Mertens, hereby certify that on this, the 28th day of April, 2008, I caused the foregoing document to be served upon counsel for the Defendants via e-mail, fax, and regular U.S. mail, postage prepaid, at the following address:

> Richard Latterell, Esq.
> Assistant Attorney General
> 441 Fourth Street, N.W.
> Sixth Floor South
> Washington, D.C. 20001

*[signature]*
William J. Mertens

LAW OFFICE OF WILLIAM J. MERTENS
7910 WOODMONT AVE., SUITE 1430
BETHESDA, MD 20814
(301) 913-0012
FAX:: (240) 465-0463

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (202) 727-3625

To: Richard A. Latterell, Esq.
Of: Office of the Attorney General
From: William J. Mertens
Client/Matter: Frazier v. District of Columbia
Date: April 28, 2008

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Notice of deposition | 2 |
|  |  |
|  |  |

COMMENTS:

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (301) 913-0012.