## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT FRAZIER,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.: 06-615 (GK)** |
| | : | **Judge Gladys Kessler** |
| **v.** | : | |
| | : | Next Events:  May 16, 2008 |
| **EDWINA WILLIAMS,** *et al.*, | : | Close of Discovery |
| | : | |
| **Defendants.** | : | |
| ——————————————— | : | |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING NOTICED DEPOSITION OF DEFENDANT'S EXPERT

Defendants the District of Columbia and Detective Edwina Williams, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 6(b), hereby move this Court for a protective order excusing the attendance of their expert at his deposition, currently noticed for May 8, 2008.

### RULE 26 AND LOCAL RULE 7(m) CERTIFICATE

On May 1-7, 2008, the undersigned exchanged several emails with plaintiff's counsel. Undersigned counsel has in good faith conferred and attempted to confer with plaintiff in an effort to obtain payment of the defendants' expert's fees.  In his latest voicemail and email (with attached letter) to the undersigned, plaintiff's counsel stated that he was unwilling to travel to Pennsylvania to take the deposition of the defendants' expert at the expert's reduced local rate, and also unwilling to pay the expert's rate and travel expenses for a non-local deposition conducted in Washington, D.C.  Therefore, plaintiff's counsel does not consent to the relief sought in this motion.

Dated this 7th day of May, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Interim Chief, General Litigation Section III

*/s/ Richard A. Latterell*
RICHARD A. LATTERELL [502127]
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S074
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
Email:  richard.latterell@dc.gov

Attorneys for the Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT FRAZIER,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.: 06-615 (GK)** |
| | : | **Judge Gladys Kessler** |
| **vi.** | : | |
| | : | |
| **EDWINA WILLIAMS,** *et al.*, | : | Next Event: May 16, 2008 |
| | : | Close of Discovery |
| **Defendants.** | : | |
| | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING NOTICED DEPOSITION OF DEFENDANT'S EXPERT

The defendants respectfully submit this memorandum in support of their motion for a protective order excusing their expert from attendance at his deposition, noticed for May 8, 2008.

## PROCEDURAL BACKGROUND

By minute Order dated April 14, 2008, this Court granted the defendants' motion for leave to disclose their expert statements and to extend discovery for an additional thirty (30) days, until May 12, 2008.

On April 28, 2008, without consulting with the defendants, plaintiff noticed the deposition of their expert, G. Patrick Gallagher, for Thursday, May 8, 2008. On April 29, 2008, after confirming Mr. Gallagher's availability for the already noticed deposition, undersigned counsel forwarded to plaintiff a copy of Mr. Gallagher's fee schedule. The schedule reflects that Mr. Gallagher charges a flat rate of $2,000 for non-local depositions or court testimony, plus

additional travel expenses. However, plaintiff's counsel objected to that rate as "unreasonable" and further asserted that travel expenses should be the defendants' responsibility. After a few days of discussion, Mr. Gallagher proposed a reduced $500 flat rate for a local deposition (e.g., if the parties were willing to travel to him for the deposition). However, plaintiff's counsel is unwilling to pay either Mr. Gallagher's non-local or local deposition rates. Accordingly, the defendants seek a protective order excusing Mr. Gallagher from his deposition, noticed for May 8, 2008.

## DISCUSSION

**I.    Plaintiff is responsible for paying the defendants' expert's deposition fees.**

### A.    Protective Orders.

Federal Rule of Civil Procedure 26(c) provides that "[u]pon motion by a party ... and for good cause shown, the court ... may make any order which justice requires to protect a party or person from ... undue burden or expense ...." The party seeking a protective order must certify that he or she has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed.R.Civ.P. 26(c). The movant has the burden of showing that good cause exists for issuance of a protective order. *See Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 789-90 (1st Cir. 1988).

Here, plaintiff's counsel seeks to depose the defendants' expert but shift the burden and expense of paying for most, if not all, of that expert's time upon the defendants. The defendants have had numerous email exchanges with plaintiff's counsel but have been unable to resolve this cost issue. Since Federal Rule of Civil Procedure 26(b)(4)(C)(i) and applicable caselaw support

the defendants' position that plaintiff is responsible for paying the expert's deposition fees, good cause exists for this Court to issue a protective order.

### B.     Federal Rule of Civil Procedure 26(b)(4)(C)(i).

Federal Rule of Civil Procedure 26(b)(4)(C)(i) places a financial burden of deposing a testifying expert on the party that conducts the deposition. The rule provides, in pertinent part: "Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision . . . ." Fed.R.Civ.P. 26(b)(4)(C)(i).  These fees may also include the expert's travel expenses.  *See, e.g., Henlopen Hotel Corp. v. Aetna Ins. Co.*, 33 F.R.D. 306, 308 n. 6 (D.Del.1963) (decided prior to 1970 amendment of Rule 26).

In *Washington v. Greenfield*, the plaintiff moved for a protective order that would have required the defendants to pay the costs of their own experts' time when plaintiff deposed them. The Court, in denying plaintiff's request, noted that, pursuant to the usual rule is that "[s]uch an order would be contrary to the usual rule that the party seeking discovery of an expert witness pays the expert's fees for that discovery." *Washington v. Greenfield*, 1986 WL 15758. at *2 (D.D.C. Oct. 15, 1986); *see also* Fed. R. Civ. P. 26(b)(4)(c).  The Court further explained:

> This rule of procedure is only to be suspended if 'manifest injustice' would result from its application. Although we sympathize with plaintiff's distress at the high costs of litigation, we find that she has not shown the manifest injustice necessary to disturb the usual practice of requiring the discovering party to pay the costs of their own discovery.

*Washington v. Greenfield*, 1986 WL 15758. at *2 (D.D.C. Oct. 15, 1986).

In determining whether an expert's fee is reasonable under Rule 26(b)(4)(C)(i), courts

have applied several factors that balance a defendant's interest in attracting competent experts against a plaintiff's interest in avoiding paying windfalls for the defendant's experts: (1) The witness's area of expertise; (2) The education and training required; (3) The prevailing rates of other comparably respected experts; (4) The cost of living in the area where the expert maintains his or her office; (5) The fee charged by the expert to the party who retained him or her; (6) The fees traditionally charged by the expert on related matters; and (7) Any other factors likely to be of assistance to the court. *See Anthony v. Abbott Labs*., 106 F.R.D. 461, 465 (D.R.I. 1985); *Jochims v. Isuzu Motors, Ltd*., 141 F.R.D. 493, 496-97 (S.D. Iowa 1992); *Goldwater v. Postmaster General*, 136 F .R.D. 337, 339-40 (D. Conn.1991).

For example, in a case decided in 1998 by the United States District Court for the District of New Hampshire, the Court reduced the $1,000 hourly rate charged by two of the defendants' pediatric urologist experts. *Brew v. Farrow,* 1998 WL 34058048, at *5-6 (D.N.H. Sept. 1, 1998). The Court cited three grounds for this reduction. First, one of the experts had charged plaintiff at over twice the rate he had charged the defendants for comparable services. Second, the reduction was made to approximate the average prevailing rates charged by all of the urologists deposed by the parties, including the plaintiff's experts. Finally, the Court also noted the brevity of the depositions (less than 3 hours each) and the proximity of the experts' offices to the plaintiff's office in concluding that a reduced rate, while still high, was reasonable under the facts of the case. *Brew v. Farrow,* 1998 WL 34058048, at *5-6 (D.N.H. Sept. 1, 1998).

Here, Mr. Gallagher's fee schedule reflects that he charges a flat rate of $1,500 for local depositions, $2,000 for non-local depositions or court testimony, plus additional travel expenses. *See* Ex. 2 (Gallagher fee schedule). In addition, after considering plaintiff's objections to his

rates, Mr. Gallagher proposed a reduced $500 flat rate for a local deposition (e.g., if the parties were willing to travel to him for the deposition). However, plaintiff has rejected both rates as unreasonable. In the absence of a fee agreement, the defendants would be forced to bear the expense of Mr. Gallagher's deposition fees, which is contrary to the framework established by Fed. R. Civ. P. 26(b)(4)(c). Therefore, until such date that plaintiff's counsel agrees to pay Mr. Gallagher's fees, this Court should issue a protective order excusing Mr. Gallagher from his deposition noticed for May 8, 2008.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the defendants respectfully request that this motion be granted.

Dated this 7th day of May, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Interim Chief, General Litigation Section III

*/s/ Richard A. Latterell*
RICHARD A. LATTERELL [502127]
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S074
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
Email: richard.latterell@dc.gov

7

Attorneys for the Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 7th day of May, 2008, copies of the foregoing Motion for Protective Order Regarding Noticed Deposition of Defendants' Expert, the  Memorandum in Support, and proposed Order were served, via electronic service, to the following:

> William J. Mertens
> 4905 Hampden Lane, Suite 16
> Bethesda, MD 20814

> */s/ Richard A. Latterell*
> Richard A. Latterell
> Assistant Attorney General

8