**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**ROBERT FRAZIER.,**
    *Plaintiff*,

           **v.**                No. 1:06CV00615
                                     Judge Kessler

**EDWINA WILLIAMS, et al.,**
    *Defendants*.                Next date: Close of discovery, May 30, 2008

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER AND TO EXTEND DISCOVERY</u>**

Plaintiff regrets that it is necessary to involve the Court in a routine scheduling issue. In summary, Defendants seek to depose Plaintiff's intended expert on police practices, Wendell M. France, on the afternoon of May 27, 2008 (notice of deposition and subpoena attached). Because of other obligations, that date is inconvenient for both Mr. France and counsel. Counsel has a medical appointment that afternoon. Mr. France and counsel are both available on either June 2 or June 3, 2008. Counsel for Defendants, however, has refused to agree to this rescheduling. Hence, Plaintiff files this motion.

Plaintiff further notes that this deposition was not properly noticed, and the witness was not properly served with a subpoena for his attendance. The notice of deposition represents that it was served via e-mail and fax to Plaintiff's counsel on May 16, 2008, but it was not so served. Counsel's e-mail records show the receipt of no message of that date containing this notice. Counsel's fax log (maintained by a web- and e-mail-based fax system) also show that no such fax arrived. Counsel did not receive and view a copy of the notice of deposition until May 22, 2008. Counsel had learned from Mr. France that a process server had telephoned him. Plaintiff's counsel then contacted Defendant's counsel and, on the afternoon of May 22, received the notice via fax, for the first time. Further, as the return on the subpoena for Mr. France shows, it was not

personally served as Rule 45(b)(1) requires but was "posted."

Plaintiff emphasizes that he is not standing on these irregularities to avoid this deposition (although late service of the notice has created scheduling difficulties), and Defendants' failure to provide proper service of the notice surely was inadvertent..  Mr. France is available to testify either June 2 or 3, or some other mutually convenient day as early as next week, and service of a subpoena will not be required.  Counsel will secure Mr. France's attendance without a subpoena. But these irregularities provide further reason why the deposition should not go forward on May 27, 2008.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests an order (1) granting a protective order against the deposition of Mr. France at 2 PM on May 27; and (2) extending discovery an additional week so that Mr. France's deposition may be taken during the week of June 2.

Dated: May 26, 2008                          Respectfully submitted,


_____/S/_____
William J. Mertens
7910 Woodmont Ave., Suite 1430
Bethesda, MD 20814
(301) 913-0012
Fax:  (240) 465-0463
E-mail: wjmertens@mertenslaw.com
D.C. Bar No 911289

- 2 -